## 36719. BUNDREN v. THE STATE.

CLARKE, Justice.

Appellant was convicted of aggravated assault upon a police officer engaged in the performance of his official duties. He was sentenced to fifteen years imprisonment under Code Ann. § 26-1302. The officer testified at trial that appellant shot him from a speeding vehicle as he was giving chase and that the shooting took place just as the cars were crossing the Whitfield-Catoosa County line. The appellant's car was stopped inside Catoosa County, and both the arrest and prosecution took place in Catoosa County. The Court of Appeals affirmed the trial court's denial of appellant's motion for a new trial. *Bundren v. State,* 155 Ga. App. 265 (270 SE2d 807) (1980). This court granted certiorari to consider divisions one and three of the opinion of the Court of Appeals.

1. Division 1 of the Court of Appeals' opinion deals with the charge of the trial court concerning venue: "If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." The Court of Appeals found that this language tracked Code Ann. § 26-302 (b), (e) and (h) and that it was a correct statement of the law. Appellant argues that the language was in conflict with the constitutional requirement that a criminal trial be held in the county in which the crime was committed. Art. VII, Sec. XIV, Par. VI, Constitution of Georgia (Code Ann. § 2-4306). The Court of Appeals did not find it necessary to reach this issue because the constitutional question was not raised below and because the constitutionality of the statute is a matter reserved on appeal for the jurisdiction of the Supreme Court. We find that when appellant reserved the right to make future exceptions to the charge and raised the issue of the constitutionality of Code Ann. § 26-302 in his motion for new trial, he raised the issue at the first available opportunity.

In *Crosby v. State,* 232 Ga. 599 (207 SE2d 515) (1974), this court considered a venue statute providing that certain thefts of a continuous nature shall be considered as having been committed in any county in which the accused exercised control over the stolen property. Code Ann. § 26-1811. The purpose of both Code Ann. § 26-1811 and Code Ann. § 26-302 is to provide for establishment of venue in situations in which there is either some doubt as to which county was the scene of the crime or where the crime in fact occurred in more than one county.

We specifically held in *Crosby v. State,* supra, that Code Ann. § 26-1811 was not in violation of the constitutional mandate that

criminal trials be held in the county in which the crime was committed. We now hold that Code Ann. § 26-302 is also constitutional. Code Ann. § 26-302 does not violate the mandate of Code Ann. § 2-4306. It merely provides a mechanism by which that mandate can be carried out when the place in which the crime is committed cannot be determined with certainty.

2. In Division 3 of its opinion, the Court of Appeals dealt with whether a defendant must have knowledge that his victim was a police officer in order to be found guilty of aggravated assault upon a police officer. The trial court in this case did not charge that such knowledge was necessary. The Court of Appeals found that Code Ann. § 26-302 does not establish "aggravated assault upon a police officer" as a crime separate from the offense of aggravated assault. The court further held that it simply increases the penalty where the victim can be shown to be a police officer engaged in the performance of official duty. In reaching this conclusion, the Court of Appeals relied upon *Murphy v. State,* 146 Ga. App. 721 (247 SE2d 186) (1978). In *Murphy v. State,* supra, the court found that the intent of the legislature was not to create a separate crime of aggravated assault upon a police officer but, rather, to create a separate penalty when the victim of aggravated assault happens to be a police officer.

The Court of Appeals' holding in the instant case and in *Murphy v. State,* supra, is not consistent, however, with *Glover v. State,* 153 Ga. App. 74 (264 SE2d 554) (1980) and *Johnson v. State,* 156 Ga. App. 411 (1980), cert. den. January 6, 1981. In *Glover v. State,* supra, the court inferred that knowledge of the fact that the victim was a police officer is an essential element of the crime. In *Johnson v. State,* supra, the court approved a charge that in order to be convicted under Code Ann. § 26-1302 appellant must have knowledge that he was assaulting a police officer engaged in the performance of his official duties.

In determining whether knowledge that the victim is a police officer is an element of the crime or a circumstance which increases the penalty for the crime, it is necessary to look to the intent of the General Assembly. Code Ann. § 26-1302 made no mention of aggravated assault upon a police officer until 1976. At that time, the General Assembly enacted a statute which added a new sentence at the end of the code section specifically covering this subject matter. In the caption to the bill, the purpose of the act was stated in part as defining "the crime of aggravated assault upon a police officer . . ." Ga. Laws 1976, page 543. We hold that such language in the caption clearly indicates the intent of the General Assembly was to mandate that aggravated assault upon a police officer is a separate and distinct crime. Since it is necessary to prove intent, it therefore follows that knowledge is an essential element to the offense of the aggravated

assault of a police officer. We agree with the apparent construction of the statute in *Glover v. State,* supra, and *Johnson v. State,* supra, and hold that the jury must be charged that knowledge is an essential element to the crime. To the extent that *Murphy v. State,* supra, is in conflict with this opinion, it is specifically overruled. Appellant's conviction must be reversed and he must be remanded for a new trial or appellant may be resentenced for the lesser included offense of aggravated assault.

*Judgment reversed. All the Justices concur, except Smith, J., disqualified. Gregory, J., not participating.*

DECIDED FEBRUARY 3, 1981 —
REHEARING DENIED FEBRUARY 24, 1981.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Neil Wester,* for appellant.
*William M. Campbell, District Attorney,* for appellee.