## 61366. ALDRIDGE v. THE STATE.
## 61367. KING v. THE STATE.

SOGNIER, Judge.

Aldridge and King were convicted of theft by taking, possession of a firearm during commission of the offense of theft by taking, and aggravated assault on a peace officer in the performance of his official duties. Both appellants were also indicted as recidivists.

1. a. On the night of February 10, 1980, deputy sheriff Tim Pafford of Ware County was on patrol and was instructed to check a pickup truck pulling a riding mower. Arriving at the scene where the truck was located, he saw two men, later identified as appellants, behind the truck; it appeared that they were trying to load a riding mower on the back of the truck. Pafford turned on his blue light, got out of his car and approached the two men. They jumped in the truck and drove off; Pafford got in his patrol car and pursued them, and also called for assistance. The truck would not stop, and on three different occasions King, the passenger, shot at Pafford with a twelve-gauge shotgun. Pafford was joined in the chase by two Georgia State Patrol cars and another sheriff's car. After a chase of several miles the truck stopped and appellants were arrested. The riding mower first observed behind the pickup truck was later identified as the property of Reid, Incorporated, and had been removed from the business

premises without authority.

This evidence is sufficient to support the findings of guilty of theft by taking and assault on a police officer in the performance of his official duty. Pafford was on duty and in uniform when he first approached appellants. These incidents occurred starting at 11:58 p.m., Sunday, February 10, 1980 and the riding mower was at Reid, Incorporated when it closed its business at 12:00 noon on Saturday, February 9, 1980. The evidence of recent, unexplained possession of stolen property is sufficient in itself to support a conviction of theft by taking. *Callahan v. State,* 148 Ga. App. 555, 556 (4) (251 SE2d 790) (1978). The deputy sheriff testified that the passenger (King) in the vehicle he was pursuing shot at him three times. King denied this, but a shotgun was found in a ditch the pickup passed a short distance before the truck stopped. Thus, we find that a rational trier of fact could find from the evidence adduced at trial proof of appellants' guilt beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

b. The evidence does not support the finding of guilty of possession of a firearm during commission of the offense of theft by taking. There is no evidence of the exact time the theft occurred, but only that it occurred sometime after noon on February 9th and midnight on February 10th, when appellants were first observed with the mower. Even assuming that they had a shotgun with them at midnight, February 10th, such evidence is insufficient to support a finding that appellants possessed the shotgun when the theft by taking occurred. Accordingly, the finding of guilty of Charge II, as to both appellants, is set aside.

Our decision on the general grounds disposes of appellant King's enumerations of error 1, 2, 4, 5, 7 and 8, and appellant Aldridge's enumerations of error 1, 3, 4, 5, 6 and 7.

2. Appellants contend the trial court's charge to the jury on aggravated assault on a peace officer in the performance of his duties was error, as the court did not charge the jury that in order to convict appellants of this offense, they must have known that Timothy Pafford was a peace officer engaged in the performance of official duties, and the court did not set forth the criteria the jury should use in determining whether appellants possessed such knowledge.

This enumeration is controlled by *Bundren v. State,* 247 Ga. 180 (274 SE2d 455) (1981), which supports appellants' contention. In *Bundren,* the Supreme Court held that aggravated assault upon a police officer is a separate and distinct offense from aggravated assault, and knowledge is an essential element of the former offense. The court went on to hold that the jury must be charged that knowledge is an essential element of the crime, and failure to so

instruct is error. However, the trial court charged the jury on the lesser included offense of aggravated assault. Accordingly, we will approve only so much of the finding of guilty of aggravated assault on a police officer in the performance of his official duty as finds appellants guilty of the lesser included offense of aggravated assault and remand the case for resentencing. *Bundren,* supra.

3. Appellants contend the trial court erred by allowing the district attorney to administer the oath to the jurors in violation of Code Ann. § 59-704.1, which provides, in pertinent part: "Each panel, *prior to commencing voir dire,* shall take the following oath: . . .

"This oath shall be administered by the trial judge." (Emphasis supplied.)

The transcript of the hearing on the motion for a new trial indicates that at the opening of the term of court, the district attorney or one of his assistants administered the oath contained in Code Ann. § 59-706 to "all hundred and some odd" jurors on the entire panel called for jury duty. This was done prior to commencement of trial in the instant case. From that panel, 48 prospective jurors were called for trial of the instant case; the transcript shows that when these 48 prospective jurors were called, and immediately prior to voir dire, the *trial court* administered the oath to the prospective jurors as required by § 59-704.1. Further, the transcript shows that after a jury was selected from these 48 prospective jurors, the clerk of the court administered the oath to the jurors as required by Code Ann. § 59-709. Accordingly, the oaths required by Code Ann. §§ 59-704.1 and 59-709 were administered properly, and this enumeration of error is without merit.

4. Lastly, appellant Aldridge contends the trial court erred in denying his motion for a new trial as to Count 4 (recidivism) because there is no evidence to support the finding of recidivism, and the trial court admitted evidence of a conviction not pleaded in the indictment.

The indictment on Count 4 listed three prior felony convictions, two of them in 1974 and one in 1977. Evidence was introduced showing each of these prior convictions. Appellant contends that evidence of the conviction in 1977 indicated it occurred in Bacon County, when in fact the conviction was in Brantley County.

Our Supreme Court has ruled that "[f]or one to receive recidivist punishment he must have been indicted under a recidivist statute, his prior convictions having been considered by the Grand Jury and having been included in the indictment." *Riggins v. Stynchombe,* 231 Ga. 589, 592-593 (203 SE2d 208) (1974). Code Ann. § 27-2511, the recidivist statute, provides in pertinent part: ". . . Provided, however, any person who, after having been three times convicted under the

laws of this State of felonies . . . commits a felony within this State other than a capital felony, must, upon conviction of . . . subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction . . ." It is apparent that the purpose of this statute is to see that persons with at least three prior felony convictions serve the maximum time imposed in a sentence for a subsequent felony conviction. In short, it is the fact of the prior conviction, not where or when it occurred, that triggers the recidivist statute. In an earlier case involving a challenge to the validity of an indictment as a recidivist we held: "The time for a defendant to challenge the validity of the convictions on which a recidivism charge is made is when the state attempts to prove them at the sentencing. See Code Ann. § 26-1813 (c) (2) (i), supra. It is not necessary for the state to prove that a defendant's prior convictions are valid in order merely to allege them in the indictment." *Callahan v. State,* 148 Ga. App. 555, 556 (3) (251 SE2d 790) (1978). Thus, the fact that the indictment alleges a conviction in Bacon County rather than Brantley County is immaterial. What *is* material is that the state must prove the prior convictions at the sentence hearing. The state introduced valid evidence of each of the prior convictions, and the evidence was not rebutted. Accordingly, this enumeration is without merit.

*Judgments affirmed in part; reversed in part. Remanded for resentencing. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 2, 1981 —

*Lamar Gibson, Douglas L. Gibson,* for appellant (Case No. 61366).

*Willis H. Blacknall III,* for appellant (Case No. 61367).

Aubrey H. Aldridge, *pro se.*

*C. Deen Strickland, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.