## 62055. ELY v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of criminal trespass, simple battery and criminal damage to property. He contends it was error to deny his motion for a new trial because the evidence showed he was so intoxicated he could not form the specific intent necessary to sustain his conviction.

The evidence in this case was conflicting as to appellant's degree of intoxication. Some witnesses described appellant as intoxicated, while others testified that he had been drinking but knew what he was doing. Code Ann. § 26-605 provides that criminal intention is a question of fact, and the trial court charged the jury that intent was an essential element of the offenses with which appellant was charged. The trial court also charged the jury, correctly, that if because of the influence of alcohol a person's mind is so impaired that he is incapable of forming an intent to commit an act or understand the consequences of such an act, he would not be criminally responsible. See *Johnson v. State,* 235 Ga. 486, 490 (1) (220 SE2d 448) (1975). The jury resolved this issue adversely to appellant's contention, and this court passes on the sufficiency of the evidence, not its weight, which is a question of fact for the jury. *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978). As the evidence was sufficient to sustain the jury's verdict, the trial court did not err in denying appellant's motion for a new trial. See *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 24, 1981.

*Christopher A. Frazier,* for appellant.
*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.