## 63365. CARTER v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was found guilty of two counts of aggravated assault on a police officer. He now asserts the general grounds and maintains

that the trial court failed to adequately instruct the jury regarding the knowledge element of the crime. Finding no merit to either of appellant's enumerations, we affirm his conviction.

1. The victims/police officers testified that they approached appellant's companion in order to interview him about the identification of a homicide victim found in the neighborhood two weeks prior to the incident presently under scrutiny. When appellant objected to the actions of the plainclothed officers, each of them presented his identification card and police badge and orally identified himself as a police officer to appellant and his companion. While walking back to the unmarked patrol car, Officer Harris saw appellant reach into his pocket, withdraw a small caliber gun and fire the weapon at Harris. Officer Head saw appellant fire a pistol at Harris and then saw appellant point the gun in Head's direction. This evidence authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of two counts of aggravated assault on a police officer. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In his remaining enumeration of error, appellant asserts that the trial court failed to adequately instruct the jury on the knowledge element of the offense with which he was charged. Similar enumerations of error were raised and found to be meritorious in *Bundren v. State,* 247 Ga. 180 (274 SE2d 455); and *Aldridge v. State,* 158 Ga. App. 719 (282 SE2d 189). However, the trial court's pertinent charge to the jury in the case before us distinguishes this case from *Bundren* and *Aldridge.* Here, the trial court gave a nearly verbatim reading of the statute (Code Ann. § 26-1302): "[a] person commits aggravated assault against a peace officer when he knowingly assaults such officer with a deadly weapon when such officer is engaged in or on account of the performance of his official duties." In the absence of a request for more specific instructions, it was not error to give the above charge, one which was taken from the Code and which states a correct principle of law. *Prickett v. State,* 155 Ga. App. 668 (2) (272 SE2d 534). Both the *Bundren* and *Aldridge* charges were deficient in that neither made any mention whatsoever of the knowledge element. Since the jury in this case was informed of that element, appellant's enumeration is without merit.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 6, 1982.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wendy L.*

*Shoob, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.