67684. JONES v. THE STATE.

BIRDSONG, Judge.

Willie Earl Jones was convicted of rape, forcible sodomy, and kidnapping. He was sentenced to life imprisonment for the rape and twenty years each for the sodomy and kidnapping, all sentences to run concurrently. Jones raises a sole enumeration of error, the adequacy of representation. *Held:*

At the outset, we note that appellant raised no question as to the adequacy of his representation at any time during his trial nor did he raise the issue on a subsequently denied motion for new trial. He was represented at trial by a different attorney than the one who now represents him on this appeal. In substance the basis for the allegation of inadequate representation is that the trial defense attorney did not investigate the circumstances, interview witnesses or confer with Jones sufficiently before trial nor advise Jones as to the overwhelming nature of the evidence against him. Thus, through newly appointed counsel (appellate counsel) Jones asserts that had he been properly advised, he probably would have entered a negotiated plea of guilty possibly effectuating a less severe sentence. Pro se, Jones argues trial defense counsel did not present a complete picture of a flim flam which could have supported his defense if counsel had

prepared for trial properly. Further, pro se, Jones argues that no objections were made to improper argument and to certain hearsay testimony.

Even if we were to assume inadequate representation (which upon the record before us we will not do), where such an objection was not raised at any time before the trial court, either on the trial of the issue or upon a motion for new trial, but is raised here for the first time based upon an affidavit attached to appellant's brief in support of the enumeration of error, there is nothing presented for this court to review. Jones obviously was aware prior to trial of all the evidence he now claims was not offered in support of his own testimony of a flim flam. There is no indication that the defense was not aware of this evidence or was not conducting the defense with full cooperation of the appellant Jones. This court, as an appellate court, is empowered only to correct such errors of law as have been committed in the trial court and appear as a matter of record before that court. *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58); *Hughley v. State,* 144 Ga. App. 771 (1) (242 SE2d 367).

Even upon the merits, it clearly appears that Jones presented a very coherent defense, albeit unsuccessful. His counsel cross-examined the state's witnesses in a manner which fully supported the defense of consent. Counsel called several witnesses and presented very lengthy and detailed evidence through the defendant which if believed by the jury would have demanded the appellant's acquittal. It borders on the frivolous to argue that appellant's counsel was not fully conversant with appellant's theory of defense, fully investigated it, and gave appellant complete opportunity to present evidence consistent with innocence. There simply is no justification to allow a defendant to gamble with a viable defense, extensively developed at trial and fully participated in by the appellant, and then allow the appellant to seek to overturn his selected course of action because the result was not what he hoped for or expected and then place blame therefor upon counsel. See *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Gibbons v. State,* 136 Ga. App. 609, 610 (222 SE2d 55).

The argument of the solicitor related to the imaginative defense offered by Jones and called into question its veracity. During argument, the law forbids the introduction into a case, by way of argument, facts which are not in the record and are calculated to prejudice a party and render the trial unfair. The solicitor did not introduce opinion by arguing that because he was persuaded of the falsity of the projected defense, likewise so should the jury conclude. Language in argument may be extravagant, but figurative speech or the drawing of permissible conclusions are legitimate weapons in

forensic warfare if there are facts in evidence upon which such argument may be founded. The argument in this case did not exceed permissible bounds. See *Garcia v. State,* 240 Ga. 796, 800 (3) (242 SE2d 588).

Although the investigating officer did offer certain hearsay evidence in the form of a statement by appellant's father, in substance the father's statement was cumulative to other evidence properly admitted emanating from the victim and the appellant himself. Under such circumstances, such error is both harmless (*Glass v. State,* 235 Ga. 17 (218 SE2d 776)) and fails to furnish any ground for a new trial. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). There is no merit in these enumerations.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 14, 1984.

*Michael H. Lane,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul L. Howard, Jr., Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.