## 69209. HOUCK v. THE STATE.
### (326 SE2d 567)

Benham, Judge.

This appeal emanates from appellant's conviction of three counts of child molestation.

The State introduced evidence which showed that appellant had used a window to gain entry to a bedroom shared by three young sleeping girls. He asked the eight-year-old child to engage in sexual relations and when she refused, he left the room. He returned shortly with no shirt on and his sex organ exposed. The four-year-old girl's panties were cut off her body and a medical examination revealed that she had suffered a fresh posterior tear of the hymen ring caused by some penetration. The child testified that appellant touched her between her legs, causing her to cry. The five-year-old's panties were almost completely cut from her body.

1. Appellant takes issue with the denial of his motion for directed verdict concerning the count which named the five-year-old as the victim. He asserts that there was no "immoral or indecent act [done] to or in the presence of" the child, who slept through the above-described series of events until her four-year-old sister screamed.

A directed verdict is appropriate only "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal . . ." OCGA § 17-9-1. The facts of this case do not meet that rigorous standard. We cannot divorce the attempt to disrobe the child from appellant's overt wish to arouse or satisfy his sexual desires as evidenced by his actions with regard to the other two little girls. The phrase "any immoral or indecent act" must be taken in conjunction with the requisite element that the act be committed with the intent to arouse or satisfy sexual desires. See *McCord v. State,* 248 Ga. 765, 766 (285 SE2d 724) (1982).

2. Appellant's several motions for mistrial were voiced during and upon the conclusion of the assistant district attorney's closing argument, which was not reported. "In order to make an improper argument of State's counsel the subject matter of review, it is necessary that some objection be made at the trial. [Cits.] Where objection is

made, and upon motion of the accused, the court shall require that a transcript be made. [OCGA § 5-6-41 (d)]." *Aiken v. State*, 226 Ga. 840 (1) (178 SE2d 202) (1970). With neither an original transcript of the offending portions of the assistant district attorney's argument nor a transcript prepared from recollection (OCGA § 5-6-41 (g)), we must presume that the trial court acted correctly. See *Russell v. State*, 155 Ga. App. 555 (3) (271 SE2d 689) (1980).

3. Finally, appellant maintains that the trial court's instruction on voluntary intoxication was erroneous. The trial court charged the jury in accordance with OCGA § 16-3-4 (c) and did not instruct the jury that appellant should be acquitted if he was intoxicated to the point that he could not form the requisite intent required for the crime of child molestation. The charge given was sufficient, and *Ely v. State*, 159 Ga. App. 693 (285 SE2d 66) (1981), cited by appellant, is inapposite. *Hutter v. State*, 166 Ga. App. 608 (3) (305 SE2d 124) (1983), revd. on other grounds, 251 Ga. 615 (307 SE2d 910) (1983).

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 30, 1985.

*Joseph M. McLaughlin*, for appellant.
*W. Bryant Huff, District Attorney, Daniel J. Porter, Assistant District Attorney*, for appellee.