70975. WATERS v. THE STATE.
(339 SE2d 608)

McMurray, Presiding Judge.

The defendant Waters appeals from his bench trial conviction of possession of more than 28 grams of cocaine, enumerating as error the denial of his plea of former jeopardy, denial of his motion to suppress evidence, and denial of his motion for directed verdict of acquittal.

Waters was indicted for the offense of trafficking in cocaine and filed a motion to suppress evidence, which was granted by the trial court on March 15, 1983. The court found that the inquiries and search of defendant's person and automobile by a Drug Enforcement Administration (DEA) agent and other officers at the Atlanta airport, as the result of information obtained from customs officials at the Savannah airport that defendant was carrying a large amount of cash in his briefcase, were unauthorized because the State had failed to show that the initial information was obtained lawfully. This court reversed on the ground that the initial information was lawfully obtained by virtue of a permissible airport security check, and remanded the case to the trial court "for a redetermination of such relevant issues as were not addressed, including but not necessarily limited to the issue of whether at any point in the approach and ensuing interview [at the Atlanta airport] the defendant was unlawfully 'seized.' " *State v. Waters,* 170 Ga. App. 505, 506 (2), 507 (317 SE2d 614) (1984).

On June 12, 1984, the trial court issued another order stating that both parties having agreed that no further evidence would be offered, it would consider the evidence in the transcript previously filed on the motion to suppress in rendering its decision as to the other issues remaining to be decided. The court found that DEA Agent Markonni recognized defendant as he deplaned in Atlanta from the information received from the Savannah law enforcement officials and approached to question him about his identification, where he had been and why he was carrying a large sum of money in his briefcase; that the subsequent conversation and explanation given by defendant led to Agent Markonni's requesting defendant's consent to search his briefcase, which defendant gave; that $21,000 was found in the briefcase along with the shell of a ballpoint pen containing a white powder substance suspected, and later proved, to be cocaine. The court further found that defendant was not at that time informed that he was under arrest, although Agent Markonni did not intend to let him leave and asked defendant if he would then consent to a search of his person, to which defendant obliged by raising his

hands to allow a pat-down search; and that defendant placed his coat inside his automobile which was only a short distance from where he was standing at the time his briefcase was searched and the pat-down was conducted.

The trial court concluded that Agent Markonni had an articulable suspicion and reasonable grounds to ask to search the briefcase and defendant's person; that defendant had not been illegally detained and the questioning took place while he was free to leave or to refuse to answer questions; that defendant freely and voluntarily consented to the search of his briefcase whereby Agent Markonni obtained facts giving rise to probable cause that a crime was being committed in his presence. The court concluded further that at that time defendant was not unlawfully detained and, although he was not told he was formally under arrest, Agent Markonni was authorized to make an arrest for the offense of possession of cocaine; that having authority to make an arrest, Agent Markonni was likewise authorized to search defendant's person and his immediate surroundings, including reaching into defendant's automobile to retrieve his coat which had just been placed inside. The motion to suppress was denied and on December 11, 1984, the trial court found defendant guilty of possession of cocaine and this appeal followed. *Held*:

1. Defendant contends that the trial court erred in denying his plea of former jeopardy upon remand of the case, because issue had been joined when by stipulation of counsel the bench trial was held contemporaneously with the hearing on his motion to suppress. We do not agree.

The transcript of the March 1983 hearing discloses that after stipulating to the admissibility of certain evidence and personal waiver of a jury trial by appellant, the trial court stated: "I'll make a ruling on the motion to suppress after you have presented all of the evidence that both parties desire to on the motion to suppress. After the ruling on the motion to suppress, depending upon the motion, if the motion to suppress is denied, we will proceed with the trial and you may add any additional evidence. Of course, if the motion to suppress should be granted, then that would terminate the hearing." The State then presented Agent Markonni as its only witness. Upon an interposition by defense counsel in regard to conducting cross-examination "under a unique procedure having the bench trial and the motion to suppress contemporaneous to one another," the trial court reiterated: "That is why I said I'll rule on the motion to suppress first. They should be tried separately. I'll make a determination on the motion to suppress before I make any determination on the other. Evidence that's admissible in a motion to suppress is not admissible at a bench trial. What I'm trying right now is a motion to suppress. After the motion to suppress is completed, I will then try the case if it's

warranted. We are going to in effect have two hearings today. . . . After the motion to suppress has been ruled on, if it's necessary, I'll have an additional evidentiary hearing and you can put up any evidence if it's necessary." And yet again, when defendant's attorney objected to considering certain evidence "in the bench trial," the court responded, "All I'm hearing is the motion to suppress."

After the court granted his motion to suppress, defendant requested that a verdict be entered on the case at that time. The court refused on the basis that all it had heard was the motion to suppress. It could not be clearer from these rulings and colloquy that there was never a trial resulting in a conviction or acquittal, and that defendant was never placed in jeopardy so as to bar prosecution under OCGA § 16-1-8 (a) (1). See generally *Cochran v. State*, 176 Ga. App. 58 (335 SE2d 165) (1985).

2. Defendant argues at length that the evidence was insufficient to create a reasonable, articulable suspicion so as to justify the stop, search and seizure, and they should therefore have been held unlawful and his motion to suppress granted. "The trial court's finding on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cit.] The trial court's findings are not clearly erroneous, but are fully supported by the evidence. The court did not err in denying defendant's motion to suppress." *Marks v. State*, 174 Ga. App. 711, 713 (1), 715 (331 SE2d 900) (1985). Accord *Allen v. State*, 172 Ga. App. 663 (324 SE2d 521) (1984).

3. Lastly, defendant asserts that the trial court erred in denying his motion for directed verdict of acquittal because the State produced no evidence to show that he knowingly brought cocaine "into" the State as alleged in the indictment. Defendant recognizes that *Dalton v. State*, 162 Ga. App. 7 (289 SE2d 801) (1982), aff'd 249 Ga. 720 (292 SE2d 834) (1982), holds that possession of a controlled substance is a lesser included offense of trafficking, but argues that this issue is not presented here, the question on appeal being whether the State presented sufficient evidence "on the charge as brought to survive a motion for directed verdict of acquittal."

We fail to perceive any distinguishing factors. The trial court in finding defendant guilty of the lesser included offense of possession stated that "where you allege did knowingly . . . bring into the State of Georgia in excess of 28 grams, bringing into it necessarily includes within it possession either actively or constructively, and I find that is sufficient to put a person on notice that he is also charged with the lesser offense of possession of the same." The technical posture of a motion for directed verdict does not preclude the trier of fact from considering, as the court did here, a lesser charge, and the court's finding was in accord with the holding in *Dalton v. State*, 249 Ga. 720, supra. We find no grounds for reversal and after reviewing the

evidence in the light most favorable to the prosecution we find that a rational trier of fact could have found the essential elements of the lesser included offense of possession of more than 28 grams of cocaine beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Thus, the trial court did not err in denying defendant's motion for directed verdict.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED DECEMBER 3, 1985 —
REHEARING DENIED DECEMBER 20, 1985 — 

*Steven E. Lister*, for appellant.
*Robert E. Keller, District Attorney, David C. Marshall, Assistant District Attorney*, for appellee.