74612. FRANKLIN v. THE STATE.
(357 SE2d 879)

DEEN, Presiding Judge.

William F. Franklin was convicted of aggravated battery and the attempted armed robbery of a convenience store. The evidence showed that appellant's co-defendant pulled a pistol on the clerk while the men were at the check-out counter, that he shot her in the face, and that she fell to the floor with a bullet lodged in her jaw. Appellant then fled from the store on foot. The co-defendant then turned the gun on another clerk and demanded money. When she did not respond, he bolted from the store, got into his car, and drove off, striking a metal guard post as he left the parking lot. Appellant went

to the home of a friend and spent the night there. Witnesses saw a handgun in his rear pants pocket. The following day another friend talked him into going to the sheriff's office to talk with investigators. He went, but left before he could talk to officers. He claimed that he left because he was afraid he would be arrested for being intoxicated.

1. In his first enumeration of error, Franklin contends that the court erred in its charge on voluntary intoxication and in failing to give his requests to charge on voluntary intoxication and insanity resulting from excessive continued use of alcohol.

Appellant's trial strategy consisted of putting up friends to testify that he was a non-violent town drunk. This testimony is insufficient to raise a defense of insanity resulting from excessive continued use of alcohol. The trial testimony indicated that he conducted himself in an appropriate manner in the store shortly before the shooting and that the only characteristic which might be associated with intoxication was his bloodshot eyes. His actions indicated that he was alert and sufficiently fleet of foot to know that a crime had been committed when he fled from the scene of the crime and went to a friend's house.

Chronic intoxication does not constitute involuntary intoxication within the meaning of OCGA § 16-3-4 and thus provide a defense to a criminal act. *McLaughlin v. State*, 236 Ga. 577 (224 SE2d 412) (1976). The trial court's instruction that "voluntary intoxication shall not be an excuse for any criminal act" is in accordance with the provisions of OCGA § 16-3-4 (c) and is sufficient. The trial court was not required to charge that he should be acquitted if he was intoxicated to the point where he could not form the requisite intent for the crimes of attempted armed robbery and aggravated battery. *Houck v. State*, 173 Ga. App. 388 (326 SE2d 567) (1985).

2. Construing the jury verdict in favor of the prosecution, we find that there was sufficient evidence for a rational trier of fact to find the appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 22, 1987.

*William J. Robinson, Jr.*, for appellant.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.