## 75241. BRITT v. THE STATE.
(361 SE2d 710)

DEEN, Presiding Judge.

The appellant, David E. Britt, was found guilty by a jury of aggravated assault upon a police officer. He brings this appeal following the denial of his motion for a new trial.

On February 12, 1986, Britt struck Detective C. M. Walters with his car. Walters, with other officers, was executing a search warrant at the residence of Allison Adams and Lonnie Isler when Britt telephoned Adams. Walters answered the phone and said that Adams was not available. Britt then told Walters that he would be by in fifteen minutes, believing that he was speaking to Allison Adams' brother. Walters never identified himself as a police officer. Following the call, the police officers removed their cars and attempted to get out of sight so that Britt would be unaware of their presence. As a result, there were no marked police cars in the driveway and Walters was not in uniform when Britt arrived.

Britt, accompanied by his girl friend, drove into the driveway. Walters, who was standing at the side entrance of the house, approached the passenger side of the car. The evidence as to what next occurred is conflicting. Walters claims that when he asked Britt to identify himself, he identified himself as a police officer and showed his badge. He claims that Britt put the car in reverse and attempted to get away. Walters contends that he then pulled out his revolver and yelled "police officer," and that Britt then came at him and struck him with his car.

Britt, however, contends that the first time he saw Walters, Walters had pulled his weapon, and that is the reason he (Britt), attempted to leave the scene. Britt admitted that he heard Walters yelling something, but he could not understand him and was much more concerned about getting away from the man with the gun. Britt testified that at no time did he realize that Walters was a police officer.

1. In his first enumeration of error, appellant claims that the trial court erred in failing to give a charge on misapprehension of fact, although he did not request such a charge, because it constituted his sole defense.

OCGA § 16-3-5 provides: "A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced

by a misapprehension of fact which, if true, would have justified the act or omission." At trial, appellant denied that he tried to strike Walters with his car, but rather claimed he "was just trying to get away from there" and that he had "to kinda run up on the grass to keep from hitting him." As appellant denied committing any illegal act, his defense was not premised upon an admitted but mistaken "act." The evidence therefore did not support such a charge, and it was not error to fail to charge that defense. *Curry v. State*, 162 Ga. App. 71 (290 SE2d 179) (1982); *Gunter v. State*, 155 Ga. App. 176 (270 SE2d 224) (1980).

2. Appellant's two remaining enumerations of error pertain to the charge on aggravated assault on a police officer and the charge on resisting a legal arrest.

The jury was charged that in determining whether or not Britt knowingly resisted a lawful arrest they had to find whether he was unaware of Walters' status as a police officer, but at no point in the portion of the charge pertaining to the offense of aggravated assault of a police officer was the jury charged that the accused had to have knowledge that his victim was a police officer.

Under OCGA § 16-5-21 (c), a person must knowingly commit the offense of aggravated assault upon a police officer. "Since it is necessary to prove intent [under this code section], it therefore follows that knowledge is an essential element to the offense of the aggravated assault of a police officer. . . . [A]nd the jury must be charged that knowledge is an essential element to the crime." *Bundren v. State*, 247 Ga. 180, 181-182 (274 SE2d 455) (1981). As the trial court failed to properly instruct the jury on this issue, we must reverse and remand this case for retrial.

3. As there was no evidence to support a charge that appellant was resisting arrest, the trial court should not have given it. In view of our ruling in Division 2 above, however, it is not necessary to determine whether the giving of this charge constituted harmful error.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1987.

*Michael C. Clark*, for appellant.

*Thomas C. Lawler, District Attorney, Phil Wiley, Assistant District Attorney*, for appellee.