A89A0959. CORNWELL v. THE STATE.
(388 SE2d 353)

BANKE, Presiding Judge.

The appellant was charged with two counts of aggravated assault upon a police officer. See OCGA § 16-5-21 (c). He was found guilty as charged on Count 1 but convicted of reckless conduct as a lesser included offense on Count 2. See OCGA § 16-5-60 (b). He brings this appeal from the denial of his motion for new trial. *Held:*

1. The appellant contends that he was entitled to a directed verdict of acquittal on both counts due to the state's failure to prove that either of the two alleged victims were officially certified as peace officers under the Georgia Peace Officers Standards & Training Act, OCGA § 35-8-1 et seq. See *Holstein v. State*, 183 Ga. App. 610 (359 SE2d 360) (1987). Since the appellant was found guilty of the lesser included offense of reckless conduct on Count 2 of the indictment, the trial court's refusal to direct a verdict in his favor on that count based on the state's asserted failure to prove that the victim was a peace officer is moot. Cf. *Thomas v. State*, 184 Ga. App. 131 (1) (361 SE2d 21) (1987); *Waters v. State*, 177 Ga. App. 374 (3) (339 SE2d 608) (1985). With respect to Count 1, on which the appellant was found

guilty as charged, we hold that the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the victim was a peace officer engaged in the performance of his official duties at the time the incident occurred, notwithstanding the absence of any evidence that he had been certified as such by the Georgia Peace Officers Standards & Training Council. The victim testified that he was employed by the City of Norcross Police; that he had been on duty on the day in question "[i]n a patrol capacity"; that, accompanied by his partner, he had driven his "patrol car" to the appellant's residence in response to "a call that there was a fight in progress with shots fired"; that he was "the officer" who had written the original citations against the appellant; and that he had subsequently prepared a police report on the incident. The victim was not asked on cross-examination whether he had been officially certified by the Georgia Peace Officers Standards & Training Council to act as a peace officer, nor was any evidence introduced suggesting that he had not been. Compare *Holstein v. State*, supra. Under the circumstances, we hold that the state was not required to prove the victim's certification in order to make a prima facie showing that he was acting as a peace officer within the contemplation of § 16-5-21 (c).

2. The appellant contends that the trial court erred in failing to charge the jury that an essential element of the offense of aggravated assault upon a police officer is knowledge that the victim was a police officer. See *Bundren v. State*, 247 Ga. 180 (2) (274 SE2d 455) (1981); *Britt v. State*, 184 Ga. App. 445 (2) (361 SE2d 710) (1987). The state, on the other hand, cites *Carter v. State*, 162 Ga. App. 44 (2) (290 SE2d 143) (1982), for the proposition that the trial court adequately covered this element of the offense by charging that one "who knowingly commits the offense of aggravated assault upon a peace officer while the peace officer is engaged in, or on account of the performance of his official duties commits the offense of aggravated assault upon a police officer."

We agree with the appellant that the use of language such as "knowingly commits" or "knowingly assaults" is insufficient to convey to the jury the requirement, as set forth in *Bundren v. State*, supra, that the accused must have acted with knowledge that the victim was a police officer; and to the extent that *Carter v. State*, supra, supports a contrary holding, it is hereby overruled. However, we conclude that this deficiency in the court's charge does not require reversal of the appellant's conviction in the present case, inasmuch as the knowledge element of the offense was adequately covered in an earlier portion of the charge. The indictment, which was both read to the jury during the charge and sent out with them to the jury room, alleged that the appellant had assaulted the officer in question "knowing said officer . . . was a peace officer engaged in the performance of his official du-

ties. . . ." Immediately after reading the indictment, the court charged the jury that the state had the burden of proving each element of the indictment beyond a reasonable doubt. Based on these instructions, and in the absence of any request for additional instructions on the issue, we hold that the court's charge as a whole adequately presented to the jury all of the elements of the offense for which the appellant was being tried. Accord *Whitehead v. State*, 177 Ga. App. 259 (1), 260 (339 SE2d 365) (1985).

3. The appellant contends that the trial court erred in refusing to give his requested charge that if a person's mind becomes so impaired because of the influence of alcohol that he is incapable of forming an intent to commit an act or understand the consequences of an act, he is not criminally responsible for the act. See generally *Pope v. State*, 256 Ga. 195, 208 (16) (345 SE2d 831) (1986); *Ely v. State*, 159 Ga. App. 693 (285 SE2d 66) (1981). This contention is without merit. While the appellant testified that he had been intoxicated at the time of the incident and attributed his behavior to his intoxication, he did not claim that he was unaware of what he was doing or that he was unaware that the individuals he was confronting were police officers. Rather, he simply maintained that he "never made any conscious effort to point that gun at anyone . . ." and that if in fact he did point the gun at anyone, he did so inadvertently. This testimony did not warrant the giving of the requested instruction. See generally OCGA § 16-3-4; *Franklin v. State*, 183 Ga. App. 58 (1) (357 SE2d 879) (1987); *Booth v. State*, 184 Ga. App. 494 (361 SE2d 868) (1987).

4. The appellant contends that the trial court erred in refusing to allow his counsel to review certain notes which the police witnesses had examined to refresh their recollections prior to taking the stand.

In an effort to eliminate confusion stemming from its prior decisions concerning the circumstances under which defense counsel must be given access to such documents, the Supreme Court recently held, in *Johnson v. State*, 259 Ga. 403 (383 SE2d 118) (1989), that "if a witness uses documents to refresh memory *after* the inception of a hearing or trial, then during that hearing or trial, the cross-examiner is entitled to examine such documents." Id. at 405. The appellant contends that the testimony of the police witnesses in the present case establishes that the trial was already in progress at the time they reviewed their notes, with the result that he was entitled to review them under the *Johnson* standard. We disagree. The witnesses in question testified that they had reviewed their notes or reports regarding the incident prior to coming to court on the morning of the first day of trial. Although it cannot be determined with certainty from the transcript whether the officers departed for the courthouse before or after the trial commenced, it is reasonable to assume that these witnesses were already present in court at the time the trial

began. As we believe the burden was on the appellant to establish his right of access to the documents by showing that the witnesses had in fact reviewed them *after* the inception of the trial, and as the testimony is at best ambiguous in this regard, we find this enumeration of error to be without merit.

*Judgment affirmed. McMurray, P. J., Sognier and Pope, JJ., concur. Beasley, J., concurs and also concurs specially. Carley, C. J., Deen, P. J., Birdsong and Benham, JJ., concur specially.*

CARLEY, Chief Judge, concurring specially.

I concur fully in Divisions 1, 3, and 4 of the opinion and in the judgment of affirmance. However, I cannot agree with the majority's overruling of *Carter v. State*, 162 Ga. App. 44 (2) (290 SE2d 143) (1982). The majority concludes that *Carter* is inconsistent with *Bundren v. State*, 247 Ga. 180 (2) (274 SE2d 455) (1981) which holds that, in a case involving aggravated assault upon a police officer, "the jury must be charged that knowledge is an essential element to the crime." *Bundren v. State*, supra, 182. In *Bundren*, the trial court did not charge that knowledge was an element of the crime. Not only is *Carter v. State*, supra, not inconsistent with *Bundren*, it specifically recognizes *Bundren* as the controlling authority and points out that in *Bundren*, the "charges were deficient in that neither made any mention whatsoever of the knowledge element." *Carter v. State*, supra, 45. The charge which was attacked in *Carter* was approved as being in compliance with *Bundren* because it was "a *nearly* verbatim reading of the statute [OCGA § 16-5-21 (c)]." (Emphasis supplied.) *Carter v. State*, supra, 45. In the instant case, the trial court's charge was *totally* a verbatim reading of the statute. Unlike *Bundren* and *Britt v. State*, 184 Ga. App. 445 (2) (361 SE2d 710) (1987), also relied upon by the majority, the trial court clearly and unequivocally charged the jury as to the requirement of knowledge as an element of the crime of aggravated assault upon a police officer. In this case, the trial court's charge is in conformity with *Carter*. *Carter* correctly states the law and should not be overruled. It follows that there was no error in the trial court's charge with regard to the essential elements of the offense of aggravated assault upon a police officer.

I am authorized to state that Presiding Judge Deen and Judge Birdsong join in this special concurrence.

BENHAM, Judge, concurring specially.

I agree fully with Chief Judge Carley's special concurrence in this case, but I am compelled to write separately to point out what I perceive as a basic flaw in the majority's treatment of this issue.

The majority holds that giving the jury the elements of the offense by reading from the statute is not sufficient. *Bundren v. State*, 247 Ga. App. 180 (2) (274 SE2d 455) (1981), on which the majority

relies, does not support that position. The Supreme Court ruled in *Bundren* that it was error for the trial court to omit any reference to knowledge from the charge, but it did not hold the language of the statute to be insufficient to inform the jury that knowledge is an element of the offense. The majority's holding to that effect in this case is, in essence, a holding that the language of the statute is not adequate to give a person of ordinary intelligence notice of the conduct prohibited. If that is so, the statute is void for vagueness. *Izzo v. State*, 257 Ga. 109 (1) (356 SE2d 204) (1987). I do not believe the statute is defective in that fashion.

Finally, the majority's overruling of *Carter v. State*, 162 Ga. App. 44 (2) (290 SE2d 143) (1982), is unnecessary to the resolution of this case and is, therefore, dicta. This case was decided on the basis that the charge, as given, was adequate; that being so, it was unnecessary to consider *Carter's* viability.

BEASLEY, Judge, concurring specially.

I totally agree with the majority. There are two elements of knowledge required for conviction of this crime. One is that defendant "knowingly assaults" (the words used in *Carter v. State*, 162 Ga. App. 44, 45 (2) (290 SE2d 143) (1982)) or "knowingly commits . . . aggravated assault" (the words used in the statute and in this case). This relates to defendant's knowledge that he is committing the act of aggression. The other knowledge which is essential relates to defendant's knowledge that the victim is a police officer. *Bundren v. State*, 247 Ga. 180, 181 (2) (274 SE2d 455) (1981). This is implied in the statute but is not set out in express language, creating somewhat of an ambiguity.

The trouble with *Carter* and with trial courts just reading the statute to the jury is that such instructions do not make clear that the jury must find that defendant knew when he acted that the object of his aggression was a police officer.

## ON MOTION FOR REHEARING.

On motion for rehearing, the appellant points out that the state has conceded, in a supplemental brief filed with this court, that the police witnesses did in fact examine their notes after the commencement of the trial. However, there is no contention that such a stipulation was made or sought in the trial court, nor have we otherwise been cited to any evidence of record which would have compelled the trial court to reach such a conclusion. "This court, as an appellate court, is empowered only to correct such errors of law as have been committed in the trial court and appear as a matter of record before that court. [Cits.]" *Jones v. State*, 169 Ga. App. 810, 811 (315 SE2d

40) (1984). In any event, the documents in question have been transmitted to this court as part of the record on appeal, and our review of them convinces us that the court's ruling could not, in any event, have been harmful to the appellant. Accord *Johnson v. State*, 259 Ga. 403, 405 (383 SE2d 118) (1989). Accordingly, we reaffirm our holding that the court's ruling on this issue does not establish grounds for reversal of the appellant's conviction. The motion for rehearing is denied.

DECIDED OCTOBER 20, 1989 —
REHEARING DENIED NOVEMBER 17, 1989 —

*Davis, Brofman, Zipperman & Kirschenbaum, E. Marcus Davis, Steven A. Suna*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.