A07A2427. WHITE v. THE STATE.
(656 SE2d 567)

BERNES, Judge.

Following a jury trial, Demetrius White was convicted of aggravated assault and aggravated battery upon a correctional officer. He appeals, contending the verdict was contrary to the evidence, against the weight of evidence and contrary to law. We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict in order to determine whether any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. *Gray v. State*, 213 Ga. App. 507, 509 (1) (445 SE2d 328) (1994). "The determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury." (Citation and punctuation omitted.) Id. Thus, we do not evaluate the credibility of the witnesses nor do we weigh the evidence on appeal. Id.

So construed, the evidence adduced at trial showed that the victim was employed as a correctional officer at the Georgia State Prison in Reidsville, where White was being housed as an inmate. One morning, while the victim was delivering breakfast to White and his fellow inmates, White attacked him. As the victim stood in front of White's cell, White reached through the metal bars of his cell and cut the victim's face with what appeared to be a razor blade or other sharp object. The victim was transported to the hospital and required more than 150 stitches and cosmetic surgery to repair the damage done to his face. At trial, the victim testified that he saw White charging toward him immediately prior to the attack. Photographs showing the victim's blood pooled on the ground immediately outside of White's cell were also admitted into evidence for the jury's consideration.

This evidence was sufficient to sustain White's convictions for aggravated assault and aggravated battery upon a correctional of-

ficer. OCGA §§ 16-5-21 (a) (2);[1] 16-5-24 (a), (e).[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although White emphasizes the fact that no razor blade or other sharp object was found during the search of his cell after the attack, it was the job of the jury, not this Court, to weigh the evidence before it. See *Corbin v. State*, 240 Ga. App. 788, 791 (3) (525 SE2d 365) (1999); *Holloway v. State*, 222 Ga. App. 350 (474 SE2d 249) (1996). See also *McDowell v. State*, 239 Ga. App. 667, 670 (2) (522 SE2d 44) (1999) (the testimony of a victim alone is sufficient to support a conviction).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 17, 2008.

*Flowers & Gaskin, Johnathan C. Gaskin*, for appellant.
*Tom Durden, District Attorney, Joe G. Skeens, Assistant District Attorney*, for appellee.

---

[1] One commits assault when he or she "attempts to commit a violent injury" to another or "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a). As charged, the assault becomes aggravated upon a showing that it was done "with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2).

[2] As charged, one commits the offense of aggravated battery upon a correctional officer when the accused "maliciously causes bodily harm to [a correctional officer engaged in his or her official duties] . . . by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a), (e).