**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**February 21, 2013**

# In the Court of Appeals of Georgia

A12A2366. TAYLOR v. THE STATE.                    DO-090-C

DOYLE, Presiding Judge.

Jeremy Taylor appeals from his convictions of aggravated battery on a correctional officer[1] and felony obstruction of a correctional officer.[2] On appeal, Taylor argues that the trial court erred by denying his motion for a directed verdict as to aggravated battery of a correctional officer because the State failed to establish evidence that the victim was a correctional officer within the definition of the statute. For the reasons that follow, we reverse and remand with direction.

---

[1] OCGA § 16-5-24 (e) (2).

[2] OCGA § 16-10-24 (b).

Viewing the evidence in the light most favorable to the verdict,[3] the record shows that on August 22, 2010, while housed at the Bibb County Law Enforcement Center, Taylor and his co-defendant left the showers, passing the cells of other inmates with whom they stood and talked. Officer Jeremy Haddock, who was wearing civilian clothes and had been working at the facility for five months, and Officer Enos Curry approached Taylor and Roberson in order to escort them back to their cells, but Roberson punched Officer Curry in the face. Officer Haddock assisted Officer Curry in forcing Roberson to the ground, when Taylor punched Officer Haddock in the face. Roberson then punched Officer Haddock in the nose, breaking it, and while Haddock was on top of Roberson, Taylor punched Haddock in the face, breaking his jaw. Taylor also hit Officer Curry in the face during the struggle.

Taylor was indicted for aggravated battery of Officer Haddock. At the close of evidence, Taylor moved for a directed verdict of acquittal on the count of aggravated battery of a correctional officer on the basis that the State failed to present any evidence that Officer Haddock was certified as required by the language of OCGA

---

[3] See *White v. State*, 289 Ga. App. 224 (656 SE2d 567) (2008). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

§ 16-5-24 (e) (1). The trial court denied the motion and charged the jury on aggravated battery of a correctional officer and the lesser-included offense of battery.

In his sole enumeration on appeal, Taylor contends that the trial court erred by denying his motion for a directed verdict of acquittal as to the charge of aggravated battery on a correctional officer because the State failed to establish proof that Officer Haddock was "certified by the Georgia Peace Officer Standards and Training Council pursuant to Chapter 8 of Title 35" as required under the statute. We agree and reverse as to the conviction for aggravated battery of a correctional officer.

> A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. The test established in *Jackson v. Virginia*, is the appropriate one to use when the sufficiency of the evidence is challenged, whether the challenge is from the denial of a directed verdict or the denial of a motion for new trial based upon alleged insufficiency of the evidence.[4]

OCGA § 16-5-24 (e) (2) states that "[a] person who knowingly commits the offense of aggravated battery upon a correctional officer . . . engaged in . . . his

---

[4] (Citations omitted.) *Grier v. State*, 262 Ga. App. 777, 779 (2) (586 SE2d 448) (2003).

duties" is subject to an increased term of imprisonment for the offense. The Code section defines "correctional officer" as

> superintendents, wardens, deputy wardens, guards, and correctional officers of state, county, and municipal penal institutions who are certified by the Georgia Peace Officer Standards and Training Council pursuant to Chapter 8 of Title 35 and employees of the Department of Juvenile Justice who are known to be employees of the department or who have given reasonable identification of their employment. The term 'correctional officer' shall also include county jail officers who are certified or registered by the Georgia Peace Officer Standards and Training Council pursuant to Chapter 8 of Title 35.[5]

In 1985, the Georgia Legislature passed an act "[t]o amend [the Code] relating to crimes of battery, so as *to define the crime of* . . . aggravated battery upon a correctional officer [and] to define the term 'correctional officer.'"[6] This language indicates that the Georgia Legislature intended to create a "separate and distinct crime" from aggravated battery rather than a separate, enhanced penalty based on the

---

[5] OCGA § 16-5-24 (e) (1).

[6] (Emphasis supplied.) Ga. L. 1985, p. 628 & p. 629 § 2. See *Bundren v. State*, 247 Ga. 180, 181-182 (2) (274 SE2d 455) (1981) (interpreting 1976 amendment to the aggravated assault statute adding aggravated assault upon a police officer as the enactment of a "separate and distinct crime").

victim's status at the time of the battery.[7] Thus, because aggravated battery of a correctional officer is a distinct crime, it requires proof of the essential element of knowledge on the part of the defendant that the individual was a correctional officer at the time of the battery.[8]

Nevertheless, the State, relying on *Cornwell v. State*,[9] argues that despite the plain language of OCGA § 16-5-24 (e) (1), it was not required to present evidence that Officer Haddock was "certified by the Georgia Peace Officer Standards and Training Council pursuant to Chapter 8 of Title 35" at the time of the incident in order to establish a necessary element of the crime of aggravated battery of a

---

[7] See *Bundren*, 247 Ga. at 181-182 (2). See also *Chandler v. State*, 204 Ga. App. 816, 821 (3) (421 SE2d 288) (1992) (aggravated battery statute, which tracks the language of the relevant section of the aggravated assault statute, also required proof that defendant knew the individual was a police officer).

[8] See *Burden*, 247 Ga. at 181-182 (2) (reversing this Court's prior decisions, which held that the code section was simply a penalty enhancement, rather than a distinct crime). Compare with *Howard v. State*, 230 Ga. App. 437, 439-440 (5) (496 SE2d 532) (1998) (holding that proof of age of victim over 65 was not required to convict under aggravated assault because the legislature intended to amend the statute to enhance a penalty and not to create a separate and distinct crime), overruled on other grounds by *Curtis v. State*, 275 Ga. 576, 578 (1) (571 SE2d 376) (2002). See also Ga. L. 1984, p. 900 & p. 901 § 2 (age-related enhancement as applied to aggravated battery statute, which tracks the language in the aggravated assault statute interpreted by *Howard*).

[9] 193 Ga. App. 561, 561-562 (1) (388 SE2d 353) (1989).

correctional officer. In *Cornwell*, this Court addressed the issue of whether the State was required to present evidence that a victim was certified as a peace officer "by the Georgia Peace Officers Standards & Training Council" in order to establish the crime of aggravated assault of a police officer pursuant to OCGA § 16-5-21 (c).[10] This Court determined that specific evidence of certification was not necessary in order to present sufficient evidence that the victim was a police officer in order to fulfill the statutory elements.[11] Subsection (c) of the aggravated battery and aggravated assault sections, however, do not contain the same language of subsection (e) (1) of those statutes.[12] The Legislature, when it amended both the aggravated assault and aggravated battery code sections, chose to include within the description of correctional officers a requirement that they be "certified by the Georgia Peace

---

[10] See id.

[11] See id. We note that aggravated battery of a police officer pursuant to OCGA § 16-5-24 (c) tracks the language of the aggravated assault statute interpreted in *Cornwell*.

[12] Compare with *Grier*, 262 Ga. App. at 779-780 (2) (holding that proof that a correctional officer is certified is not an essential element of obstruction of a correctional officer), citing *Dennis v. State*, 220 Ga. App. 420 (1) (469 SE2d 494) (1996). OCGA § 16-10-24 (b) states that "[w]hoever knowingly and willfully resists, obstructs, or opposes any . . . correctional officer . . . in the lawful discharge of his official duties . . . is guilty of a felony . . . ." but does not contain the restrictive phrase at issue in the statute before us.

Officer Standards and Training Council pursuant to Chapter 8 of Title 35"[13] even though the subsections defining aggravated assault and aggravated battery of a police officer, which were already in existence at that time, did not include such language.[14] And although the Legislature later amended Subsection (e) (1) to include county jail officers, it still chose to include within the description of such individuals the requirement that they be "certified by the Georgia Peace Officer Standards and Training Council pursuant to Chapter 8 of Title 35."[15] Accordingly, *Cornwell* does not control in this instance, and the trial court erred by denying Taylor's motion for directed verdict and motion for new trial as to count one. There was sufficient evidence, however, to support a conviction for the lesser-included charge of battery, so we remand in order for a retrial or resentenceing as to the lesser-included charge.[16]

*Judgment reversed and case remanded with direction. Andrews, P. J., concurs; Boggs, J., concurs in judgment only.*

---

[13] See Ga. L. 1985, p. 628 & p. 629 § 2.

[14] See Ga. L. 1976, p. 543 § 2.

[15] See Ga. L. 2000, p. 1626 § 2.

[16] See *Chandler v. State*, 204 Ga. App. at 821-822 (3).