## A98A1155. STEVENSON v. THE STATE.
(506 SE2d 226)

ANDREWS, Chief Judge.

Ronnie Dale Stevenson appeals from the trial court's denial of his motion for new trial following his conviction of three counts of aggravated assault on Chatham County Police Officers Maston, Davis, and Vance.

1. First considering Stevenson's fourth enumeration contesting

denial of his motion for new trial on the ground of insufficiency of evidence, we view the evidence with all inferences in favor of the jury's verdict. *Brewer v. State,* 219 Ga. App. 16, 17 (1) (463 SE2d 906) (1995).

So viewed, it was that around 11:00 p.m. on January 20, 1997, the three officers, along with their lieutenant, all in uniforms and marked cars, were dispatched to a residence on a disorderly person call. Upon arriving, the officers found Stevenson crouched between two cars in the driveway with a propane tank between his legs. There was a three-and-a-half to four-foot hose attached to the tank, and a four- or five-inch flame was coming from it. In the immediate vicinity of Stevenson and the tank were his wife, holding their child, an unidentified man, and the four officers.

Officer Davis approached within 15 feet of Stevenson, identified himself as a police officer and directed Stevenson to put the flame out and put the tank down. After this command was repeated several times, Stevenson refused and told the officers to "stay the f—k back." After the officers repeated the commands, Stevenson opened the valve of the tank, causing a flame of five or six feet to shoot in the direction of the officers. The officers could all feel the heat of the flames and retreated, drawing their weapons. They continued to direct Stevenson to turn off and drop the tank, which had no regulator.

Officer Davis, also a certified firefighter, was aware that the propane tank posed a danger of exploding like shrapnel if a vacuum created in the tank by the propane level falling caused a drawback of flame into the tank. He was also aware that propane flames could cause third degree burns or even death and that the officers' polyester uniforms would melt into and burn them if hit by the flame.

Stevenson continued to lunge at the officers with the flame, despite their commands to stop.

Officer Maston retrieved his baton from his car, circled around to Stevenson's side, and hit him extremely hard on the arm, attempting to knock the tank loose. The blow had no effect on Stevenson, nor did pepper spray shot into his face by Officer Davis. Finally, Officer Maston was able to approach Stevenson from the rear with his baton raised, and Stevenson turned the tank off upon realizing Maston's presence. Officer Maston pushed Stevenson into Officer Davis, and he was arrested.

Upon being taken into custody, Stevenson stated that "I should have burned you when I had the chance. If I get the chance, I'm going to burn y'all. I'm going to take care of all of you."

The evidence was legally sufficient, and denial of the motion for new trial on this ground was not error. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McKinney v. State,* 218 Ga.

App. 633, 635 (2) (463 SE2d 136) (1995).

2. Stevenson's third enumeration is that the court erred in denying his motion in limine seeking to redact part of a letter he wrote to Officer Davis after the incident. In that letter, Stevenson apologized for his behavior, stating that "I know you — I know in your heart I was not attempting to assault any of you officers. I was drunk and I was having family problems. I was not trying to burn you. I have a bad record as you know." The reference to his bad record is the portion sought to be omitted because it placed Stevenson's character in evidence.

The letter was Stevenson's attempt to explain his lack of intent to harm the officers and to obtain leniency. The objected-to statement went to motive, intent and course of conduct and was material and admissible. *Mayes v. State*, 229 Ga. App. 372, 373 (2) (494 SE2d 34) (1997). That it incidentally placed his character in issue did not render it inadmissible. Id.; *Greer v. State*, 199 Ga. App. 106, 107 (1) (403 SE2d 825) (1991); see *Washington v. State*, 268 Ga. 598, 600 (2) (492 SE2d 197) (1997).

3. Enumerations 1, 2, 5, and 6 all deal with claimed errors in the charge and will be considered together.

(a) The first enumeration is that the court erred in not charging Stevenson's Request No. 3 for simple assault as a lesser included offense of aggravated assault upon an officer.

The indictment charged Stevenson with assaulting the officers with "a lighted stream of propane gas, an object which when used offensively against a person, is likely to result in serious bodily injury. . . ."

Trial counsel withdrew the request to charge simple assault, leaving us nothing to review.

Even assuming it had not been withdrawn, however, an accused is entitled to have a charge on a lesser included offense only if there is some evidence of that lesser offense. *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). Here, however, absent the use of the propane flame, which Stevenson acknowledged could cause serious bodily injury by burning, there was no other evidence of assault. Therefore, there was no error in not giving the requested charge. *Wynn v. State*, 228 Ga. App. 124, 126 (491 SE2d 149) (1997); *Messick v. State*, 209 Ga. App. 459, 461 (3) (433 SE2d 595) (1993).

(b) Stevenson complains that the court did not sua sponte charge a definition of "deadly weapon." The court did read OCGA § 16-5-21 (a) (2) in its entirety to the jury in the charge, including the deadly weapon language. As pointed out by the State, however, Stevenson was specifically charged with assault on an officer with an "object which when used offensively against a person is likely to result in serious bodily injury," not with assault with a deadly weapon. The

indictment and the appropriate section of the statute were also read to the jury during the charge, and there was no error in not charging the definition of deadly weapon. *Thomas v. State,* 268 Ga. 135, 141 (17) (485 SE2d 783) (1997); *Harwell v. State,* 231 Ga. App. 154, 155-158 (3) (497 SE2d 672) (1998); *Blige v. State,* 208 Ga. App. 851 (2) (432 SE2d 574) (1993), aff'd, 264 Ga. 166 (441 SE2d 752) (1994).

(c) The fifth enumeration is that the court erred in not specifically charging the jury that Stevenson's knowledge that the persons assaulted were police officers was an essential element of the crime as required by *Bundren v. State,* 247 Ga. 180, 181 (2) (274 SE2d 455) (1981).

The indictment was read to the jury at the beginning of the court's charge and each count charged an assault upon each officer "of the Chatham County Police Department, a peace officer, while said peace officer was engaged in official duty. . . ." The court also charged that intent is an essential element of the crime, that the State was required to prove each element beyond a reasonable doubt, and that a person commits aggravated assault upon a police officer "when that person knowingly commences an aggravated assault upon an officer while the officer is engaged in or on account of performance of official duties."

Pretermitting whether this charge was deficient as alleged, see *Chandler v. State,* 204 Ga. App. 816, 820 (3) (421 SE2d 288) (1992); *Cornwell v. State,* 193 Ga. App. 561, 562 (2) (388 SE2d 353) (1989), we conclude that any such failure was not a substantial error harmful as a matter of law under OCGA § 5-5-24 (c), see *Byrd v. State,* 156 Ga. App. 522 (2) (275 SE2d 108) (1980), and, under the particular circumstances of this case, was harmless. See *Miner v. State,* 268 Ga. 67 (485 SE2d 456) (1997).

Here, not only did Stevenson testify that he knew they were police officers, but he also testified that he was the one who called 911, summoning them to the scene. His defense was that he did not intend to harm the officers but was using the propane flame in an effort to get his wife's attention.

(d) The sixth enumeration is that the court erred in not charging obstruction, Stevenson's Request No. 4. This request, however, was also withdrawn at the charge conference, leaving us nothing to review.

4. Stevenson's seventh enumeration is that he should have been sentenced only for aggravated assault, not aggravated assault upon an officer,[1] because the verdict returned was "ambiguous."

---

[1] The minimum sentence for assault upon an officer is five years versus one year for aggravated assault.

As set out in Division 3 (a), the indictment charged aggravated assault upon an officer. The only offenses upon which the jury was charged pursuant to the indictment were aggravated assault upon an officer, reckless conduct, and disorderly conduct, the latter two requested by Stevenson as lesser included offenses. No written request was made for aggravated assault as a lesser included offense, and it was not error for the court not to sua sponte charge it. *State v. Stonaker*, 236 Ga. 1, 2 (2) (222 SE2d 354) (1976); *Foster v. State*, 218 Ga. App. 569, 570 (3) (462 SE2d 455) (1995).

Here, although the verdict form is not included in the record, it was published in court by the clerk and was that "[w]e the jury find the Defendant guilty of three counts of aggravated assault."

"OCGA § 17-9-2 provides in part that 'verdicts are to have a reasonable intendment, are to receive a reasonable construction, and are not to be avoided unless from necessity.' We must construe verdicts 'in the light of the pleadings, the issues made by the evidence, and the charge of the court.' (Citation and punctuation omitted.) *Reed v. State*, 87 Ga. App. 154 (1) (73 SE2d 223) (1952)." *Davis v. State*, 225 Ga. App. 627, 630 (4) (484 SE2d 655) (1997).

Considering the indictment, charge, and verdict returned here, we conclude that there is no ambiguity in the verdict and Stevenson was properly sentenced for aggravated assault upon an officer. *Davis, supra.*

5. Finally, Stevenson contends that his trial counsel was ineffective.

" 'A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. Here, [Stevenson] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel.' (Citations and punctuation omitted.) *Jones v. State*, 217 Ga. App. 722, 723-724 (2) (458 SE2d 894) (1995)." *Randolph v. State*, 225 Ga. App. 324 (484 SE2d 1) (1997).

Stevenson contends counsel was ineffective in not producing the 911 tape in order to show he called police; withdrawing a request to charge simple assault without consulting him; advising him that he would be sentenced as a recidivist to the statutory maximum if he pled guilty; and failing to introduce the propane tank into evidence.

Trial counsel testified without contradiction that it was his experience that 911 tapes were taped over after a certain period and the tape was no longer available when Stevenson requested it. Further,

he stated that, in his opinion, Stevenson's calling the police was not relevant to what happened after they arrived.

As discussed above in Division 3 (a), there was no evidence presented of a simple assault absent the use of the flame from the tank and withdrawing the request, even without consulting Stevenson, was not ineffective assistance of counsel.

There is no dispute that all of the plea bargains offered by the State were contingent upon Stevenson pleading guilty as a recidivist, even though, after conviction, he was not sentenced as a recidivist, solely because the State was unable to timely obtain out-of-state records of his prior convictions. It is unclear how counsel's accurately describing plea negotiations could ever be ineffective assistance, and it certainly was not here.

Finally, trial counsel testified that not introducing the tank was a tactical decision. Such a decision does not equate with ineffectiveness. *Harper v. State,* 232 Ga. App. 224, 227 (2) (d) (501 SE2d 591) (1998).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 24, 1998 — ■■■■■■■■■■

*C. Jackson Burch,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ian R. Heap, Jr., Assistant District Attorney,* for appellee.

