## A00A0888. CHRISTIAN v. THE STATE.
(536 SE2d 600)

BLACKBURN, Presiding Judge.

Following a jury trial, Dax Christian appeals his conviction of driving under the influence to the extent that he was a less safe driver, OCGA § 40-6-391. Christian contends the trial court erred by: (1) failing to grant him a continuance; (2) permitting evidence of similar transactions; and (3) allowing the State's peremptory strike of a juror to stand. For the reasons set forth below, we affirm.

1. On the day of trial, Christian sought a ten-day continuance because the State had not complied with the misdemeanor discovery statute, OCGA § 17-16-20 et seq. Specifically, Christian complained that the State had failed to provide a videotape and the field sobriety evaluation sheet in response to Christian's discovery request. The trial court denied the request for a continuance.

> All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require. OCGA § 17-8-22. Such grant or denial of a continuance will not be disturbed absent a showing of an abuse of discretion.

*Chung v. State*, 240 Ga. App. 394, 396-397 (3) (523 SE2d 615) (1999). We find no such abuse of discretion here.

On March 5, 1999, Christian served a discovery request pursuant to OCGA § 17-16-20 et seq. The State responded on March 8, 1999, and identified a videotape which was available for counsel's review. The State also provided a copy of the arresting officers' report which stated that "Mr. Christian failed some of all of the field evaluations." However, the State did not provide the actual field sobriety evaluation sheet. Christian's counsel first saw the video and the field sobriety evaluation sheet on June 3, 1999, the day of trial.

The trial court determined that the video had been made available; that there was no exculpatory information in the omitted field sobriety evaluation; and that there was nothing contained on the evaluation sheet that defense counsel would not have anticipated. The trial court further stated that if new information did come to light, Christian would be given time to consider his position. Christian has not shown that he was harmed by the trial court's failure to

grant a continuance, and we find no abuse of discretion under these circumstances. See *Downs v. State*, 240 Ga. App. 740, 741 (2) (524 SE2d 786) (1999); *Byron v. State*, 229 Ga. App. 795, 796 (3) (495 SE2d 123) (1997).

2. Christian enumerates as error the trial court's admission of similar transactions into evidence, arguing that the State's notice to present the evidence was untimely and that the prior offense was introduced to raise an improper inference as to his character.

With regard to the timeliness of the notice, Christian's contention is meritless. Pursuant to Uniform Superior Court Rule 31.1, "[n]otices of the state's intention to present evidence of similar transactions or occurrences . . . shall be given and filed at least ten (10) days before trial." Here, the State timely notified Christian of its intent to present similar transaction evidence on March 26, 1999, almost ten weeks before trial. *Bryant v. State*, 226 Ga. App. 135, 138 (3) (486 SE2d 374) (1997).

With regard to the admissibility of the similar transaction, the prior incident was a per se violation of the DUI law which the State sought to admit as evidence of course of conduct or bent of mind.

> Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the perpetrator has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so.

(Punctuation omitted.) *Sisson v. State*, 232 Ga. App. 61, 66 (3) (b) (499 SE2d 422) (1998). The trial court did not err in its determination that the prior DUI was more probative than it was prejudicial.

3. Christian contends that the trial court erred in overruling his objection to the State's peremptory strike of an African-American juror pursuant to *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

> To evaluate claims that the state or defendant used peremptory challenges in a racially discriminatory manner, the trial court must engage in a three-step process. The opponent of a peremptory challenge must make a prima facie showing of racial discrimination; the burden of production shifts to the proponent of the strike to give a race-neutral reason for the strike; the trial court then decides whether the opponent of the strike has proven discriminatory intent.

(Footnotes omitted.) *Chandler v. State*, 266 Ga. 509, 510 (2) (467 SE2d 562) (1996).

In this case, the State used one of its peremptory strikes against

the only African-American member of the jury panel, and Christian raised a *Batson* objection. The State explained that it struck the juror because the juror had spoken about a friend who was arrested for DUI, and the juror believed that his friend was not impaired and had been treated unfairly.

The trial court found this reason to be sufficiently race-neutral. We give great deference to these findings of the trial court. *Horne v. State*, 237 Ga. App. 844 (517 SE2d 74) (1999). Based on the record, we cannot say that the trial court erred in overruling Christian's *Batson* objection. Our Supreme Court has previously found that such a strike, based on a prospective juror's relationship with people who have been in trouble with the law, was race-neutral. *Hall v. State*, 261 Ga. 778, 779 (2) (415 SE2d 158) (1991).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JUNE 29, 2000.

*Albertelli & Israel, James E. Albertelli*, for appellant.
*Barry E. Morgan, Solicitor, Jessica K. Moss, Lawton W. Scott, Assistant Solicitors*, for appellee.