## A00A1142. TUCKER v. THE STATE.
(538 SE2d 458)

JOHNSON, Chief Judge.

A jury found Christopher Tucker guilty of aggravated assault upon a peace officer, possession of a firearm by a convicted felon, and several traffic offenses. The jury failed to reach a verdict on charges of possession of a firearm during the commission of a crime and possession of cocaine. Tucker appeals, arguing that the evidence was not sufficient to support the conviction of aggravated assault upon a peace officer, evidence of a prior cocaine possession conviction should not have been admitted, and he was denied effective assistance of trial counsel. Because each of the enumerations is without merit, we affirm his convictions.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict.[1] So viewed, the evidence shows

---

[1] *Cox v. State*, 241 Ga. App. 388, 389 (526 SE2d 887) (1999).

that a police officer was following Tucker's car when he noticed that the taillight on Tucker's car was broken. The officer activated the patrol car's emergency lights, but Tucker did not stop. Instead, Tucker continued driving, making several turns, until he eventually stopped in a trailer park. Tucker jumped out of the car and ran to the back end of his car. The officer got out of the patrol car with his .45 caliber revolver drawn and approached Tucker. He ordered Tucker to get on the ground. Tucker kneeled down, as if he was going to lie down, but then grabbed the officer and pulled him to the ground. Tucker managed to get the officer's revolver. As Tucker did so, however, the officer was able to eject the magazine from the gun. Tucker gained control of the gun, and the two struggled. Tucker ended up on top of the officer. The officer remarked that his life was more important than a traffic stop and that Tucker could just leave and the officer would not pursue him. Tucker said "no," that he was going to kill the officer and then pointed the gun at him. The officer was afraid of Tucker, "believ[ing] at that point he could have killed me." Tucker pulled the trigger, but the gun did not discharge. There was a round of ammunition in the gun, but the weapon did not fire because the magazine had been removed. The officer did not know where the magazine was at the time Tucker attempted to fire the gun. The men struggled again, and the officer was able to wrestle the gun away from Tucker. Tucker began beating the officer about the neck, head, and shoulders. When a second police officer arrived, Tucker got off of the officer and started to run. Before he could get away, though, the officer grabbed Tucker's jacket. A blue bag containing two or three pieces of cocaine fell out of the jacket. When the altercation ended, officers found the gun's magazine on the ground near where the two men had struggled.

1. Tucker contends the evidence was insufficient to support the aggravated assault upon a peace officer conviction because the officer could not have had a reasonable apprehension that he would be shot, inasmuch as the officer had removed the magazine from his gun before Tucker took it from him and pointed it at him. This enumeration is without merit.

The offense of aggravated assault has two essential elements: (1) that an assault, as defined in OCGA § 16-5-20, was committed on the victim; and (2) that it was aggravated by use of a deadly weapon.[2] An assault under OCGA § 16-5-20 is committed when the person either: (1) attempts to commit a violent injury to another; or (2) commits an act which places another in reasonable apprehension of immediately receiving a violent injury.

---

[2] *Matthews v. State*, 224 Ga. App. 407, 408 (1) (481 SE2d 235) (1997).

In this case, the state alleged in the indictment that Tucker committed the offense of aggravated assault upon a peace officer by assaulting the officer with a deadly weapon. Such general language sufficiently charges an assault by way of either manner contained in the assault statute.[3] Thus, the state could have proved the charged crime with evidence either that Tucker used the gun in an attempt to violently injure the officer or that Tucker used the gun to place the officer in fear of being violently injured.

As discussed above in detail, the evidence shows that Tucker used a gun in an attempt to commit a violent injury upon the officer. Because apprehension is not an essential element of an assault in which it is alleged that the defendant attempted to commit a violent injury upon the victim, there was evidence from which a rational trier of fact could find Tucker guilty beyond a reasonable doubt of committing aggravated assault upon a peace officer.[4]

In any event, there was evidence that Tucker's use of the gun placed the officer in reasonable apprehension of being violently injured. The fact that the magazine had been removed does not require a contrary finding. Just before Tucker pulled the trigger, he threatened to kill the officer and pointed the gun at him. The officer did not know where the magazine was at the time Tucker threatened to kill him. Indeed, the magazine was on the ground, right between the two men, where Tucker could have grabbed and replaced it before pointing the gun at the officer. The officer testified that he believed Tucker was going to kill him. The evidence authorized a finding that the officer's apprehension was reasonable.

We conclude that the evidence was sufficient for a rational trier of fact to find Tucker guilty beyond a reasonable doubt of aggravated assault on a peace officer, either by attempting to commit a violent injury with a deadly weapon, or by placing him in reasonable apprehension of immediately receiving a violent injury.[5]

2. Tucker claims his character was improperly called into issue when the trial court admitted evidence that he pled guilty to possession of cocaine a few months before the charged crimes occurred. He argues that the prior act was not sufficiently similar to the charged drug offense, because in the prior transaction he spit the cocaine out when approached by police, while in the current case, the cocaine allegedly fell out of his pocket without his attempting to hide the

---

[3] See *Jordan v. State*, 214 Ga. App. 598, 601 (2) (448 SE2d 917) (1994), overruled on other grounds, *Dunagan v. State*, 269 Ga. 590, 593 (2) (a) (502 SE2d 726) (1998).

[4] See *Love v. State*, 268 Ga. 484, 485 (1) (490 SE2d 88) (1997).

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Shaw v. State*, 238 Ga. App. 757, 760 (2) (519 SE2d 486) (1999); *McWilliams v. State*, 172 Ga. App. 55 (1) (322 SE2d 87) (1984).

drugs.

In determining whether a prior transaction is sufficiently similar, courts must focus on the similarities of the acts rather than their differences.[6] Here, both incidents occurred at night and in the same area of town. They both involved possession of cocaine packaged in blue bags and Tucker trying to run from police. The two offenses occurred only months apart. While there may have been some differences, the law does not require the acts be identical in every respect.[7] The trial court did not err in admitting the evidence.

3. Tucker claims he was denied effective assistance of trial counsel because his attorney did not move to bifurcate the trial on the possession of a firearm by a convicted felon charge from the trial on the aggravated assault charge. He urges that he was prejudiced by the trial of the two charges together. We find no grounds for reversal.

In order to show ineffective assistance of trial counsel, a defendant must show that (1) his attorney's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different.[8]

Assuming without deciding that trial counsel was deficient in not moving to bifurcate the trial, Tucker has not shown that but for the deficiency, the outcome of the trial would have been different. Evidence showing his prior drug conviction was properly presented to the jury as a similar transaction. Therefore, trying the aggravated assault charge apart from the possession of a firearm by a convicted felon charge would not have prevented the jury from hearing that Tucker was a convicted felon. In light of that fact, and considering the overwhelming evidence of his guilt as to the aggravated assault charge, it is clear that Tucker has not shown that but for counsel's error, he would not have been convicted. The trial court did not err in finding that Tucker received effective assistance of trial counsel.[9]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 15, 2000.

*William P. Nash, Jr.*, for appellant.

---

[6] *Guild v. State*, 236 Ga. App. 444, 445 (2) (512 SE2d 343) (1999).
[7] Id.
[8] *Harris v. State*, 234 Ga. App. 126, 129 (3) (505 SE2d 49) (1998).
[9] *Pope v. State*, 240 Ga. App. 803, 805 (2) (522 SE2d 291) (1999).

*J. Gray Conger,* District Attorney, *Alonza Whitaker,* Assistant District Attorney, for appellee.