## A01A1085. ALBARRAN v. THE STATE.
(548 SE2d 440)

ELDRIDGE, Judge.

A Gwinnett County jury found Juan Albarran and his two co-defendants, Indorfo Espinoza and Polinar Vasquez, guilty of possession of twenty-five pounds of marijuana with intent to distribute.[1] Two earlier appeals were taken by Albarran's co-defendants wherein this Court consolidated such and affirmed their convictions.[2] Now Albarran, pursuant to a properly granted motion for out-of-time appeal, seeks review and claims that four alleged errors of law require reversal of his conviction. Upon the record before us, we disagree and affirm.

The facts, as established in the earlier appeals and viewed most favorably to the verdict,[3] show that

on August 5, 1998, a suspected drug trafficker, a man named Arzate, was placed under surveillance at a Smyrna apartment by Special Agent Jeffery Dalman, United States Drug Enforcement Administration ("DEA"), acting on a lead provided by another DEA office. When Arzate left the Smyrna residence in a pickup truck registered to a California man from whom 100 pounds of marijuana had been seized, Special Agent Dalman followed, eventually losing Arzate in the vicinity of Lilburn. Thinking that Arzate might reappear at the Lilburn residence where, two years earlier, the agent had seized 1,500 pounds of marijuana in conjunction with a drug trafficking arrest, Dalman went to that location, found Arzate's truck, and initiated a second surveillance. Among other things, Special Agent Dalman noted the presence of a Ford van which was backed into the carport of the residence. After about an hour, three vehicles departed the residence in what appeared to be a convoy. Arzate, driving his pickup, led. In the second vehicle, the Ford van, driven by Cesar Hernandez, Vasquez rode as a passenger. Espinoza rode as a passenger in the third vehicle,

---

[1] A fourth co-defendant, Cesar Hernandez, pled guilty to felony possession of marijuana with intent to distribute and testified at trial.

[2] See *Espinoza v. State*, 244 Ga. App. 96 (534 SE2d 824) (2000).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

a Ford Taurus, driven by Juan Albarran. As the three vehicles approached Interstate 85, contact was again lost with Arzate as he pulled away from the group in the pickup onto I85 southbound while the remaining vehicles stopped at a gas station where the van was refueled. The vehicles then entered I85 northbound where, based on the totality of the circumstances, Special Agent Dalman ordered them stopped. Gwinnett County Police Officer Dan Llorens, who assisted in the traffic stop, testified that Hernandez consented to a search of the van. In the search which followed, a second Gwinnett County police officer assisting on the scene, Officer Gary Linder, found a black duffel bag containing 25 pounds of marijuana under the van's back bench seat.[4]

1. In his first enumeration of error, Albarran contends the trial court erred in denying his motion to suppress the marijuana found in the Ford van. Such motion was filed individually by all three defendants and argued jointly in a hearing prior to trial. Before this Court, Albarran claims that the narcotics officers involved did not have probable cause to stop the Ford van.

Albarran claimed neither an ownership interest in the Ford van nor in the marijuana found in the van. Therefore, he does not have standing to challenge the search.[5] Moreover, as stated in our earlier decision, under the totality of the circumstances, "there was evidence which established the legality of the search and seizure as based upon a traffic stop supported by articulable suspicion and valid consent given thereafter."[6]

2. Next, Albarran challenges the sufficiency of the evidence supporting his conviction. He contends that the evidence shows mere association with the co-defendants and that such is insufficient to demonstrate criminal intent. However, criminal intent is peculiarly a jury issue. In that regard, "[a]lthough mere presence at the scene is insufficient to authorize a conviction for committing an offense, criminal intent may be inferred from the accused's conduct before, during and afterwards."[7] Accordingly, we reassert our rationale for finding this same claim of error meritless in the earlier appeals wherein both Espinoza and Vasquez claimed they were "merely present." In the instant case, the evidence viewed in favor of the verdict shows that all four men who were involved and charged with this offense, Albar-

---

[4] *Espinoza v. State*, supra at 96-97.

[5] *Gilbert v. State*, 245 Ga. App. 809, 810 (539 SE2d 506) (2000).

[6] (Footnote omitted.) *Espinoza v. State*, supra at 98 (4).

[7] *Blackmon v. State*, 272 Ga. 858, 859 (536 SE2d 148) (2000).

ran, Espinoza, Vasquez, and Hernandez, were friends and room-mates in Charlotte, North Carolina. On Wednesday, August 5, 1998, the men left Charlotte between 6:30 a.m. and 7:00 a.m.

> [to drive] to Lilburn for the purpose of procuring contraband and returning it to North Carolina. To this end, they undertook substantial steps to bring the contraband home safely, electing to travel by convoy on the return trip and to ride "shotgun" as passengers in vehicles they did not own, to provide both security and deception to their illicit endeavor. That 25 pounds of marijuana was seized from the van, in the totality of the circumstances, was sufficient evidence upon which the jury might reasonably have inferred that the co-defendants had at least joint constructive possession of marijuana with the intent to distribute.[8]

3. At the time of the stop, Espinoza was a passenger in the car driven by Albarran. During trial, an officer testified that a computer check on the Ford van showed that Espinoza was the owner of the van. Before this Court, Albarran claims that the officer's testimony was inadmissible hearsay which "was highly prejudicial in that it connected a passenger in the car the defendant [Albarran] was driving to the van containing the contraband material." He argues that such hearsay "was the only evidence connecting the ownership of the van to the passenger of the car defendant Albarran was driving." We find this contention meritless. Pretermitting the issue of hearsay, defense witness Hernandez testified both during direct examination and on cross-examination that the Ford van belonged to Espinoza; thus, the officer's testimony was not "the only evidence connecting the ownership of the van to the passenger of the car defendant Albarran was driving." Further, the insurance card found in the van showed Albarran had taken out the insurance on the vehicle, thereby further connecting Albarran to the van containing the contraband material. "Evidence is harmless where admissible evidence of the same fact is before the jury."[9]

4. In his last enumeration of error, Albarran contends the trial court erred in permitting arresting officer Linder to testify as to the address of Albarran, Espinoza, Vasquez, and Hernandez. Albarran contends that this information was communicated by the defendants in Spanish to another officer who then translated such to Linder, thereby making Linder's testimony inadmissible hearsay. He con-

---

[8] *Espinoza v. State*, supra at 100.
[9] (Punctuation omitted.) *Mullinax v. State*, 242 Ga. App. 561, 563 (530 SE2d 255) (2000).

tends that the address information "is highly damaging as it makes a greater connection between the defendant Albarran and the parties who were connected to the van containing contraband." However, defense witness Hernandez testified both on direct and cross-examination that all the defendants were friends, as well as roommates, in Charlotte, North Carolina, and that he had known both Albarran and Espinoza in Mexico. Accordingly, the connection between the men was clearly established absent the testimony about which Albarran now complains. "It is axiomatic that harm as well as error must be shown to authorize a reversal by this court."[10]

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED APRIL 20, 2001.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.

---

[10] (Punctuation omitted.) *Florence v. State*, 246 Ga. App. 479, 481 (4) (539 SE2d 901) (2000).