### A01A1030. MILLER v. THE STATE.
(550 SE2d 134)

MIKELL, Judge.

After a bench trial, William Roy Miller was convicted of driving under the influence of alcohol to the extent that he was a less safe driver.[1] Miller appeals his conviction, arguing that the trial court erroneously admitted his prior per se DUI conviction. For the reasons stated below, we affirm.

On August 4, 1999, the prosecution filed an accusation charging Miller with driving under the influence to the extent that it was less safe to drive. On January 3, 2000, the prosecution filed its motion and notice of intent to present evidence of a similar transaction against Miller to establish his bent of mind and course of conduct. Attached to the motion were the police reports, traffic citations, arrest affidavits, plea proceeding record, and sentencing documents, all of which arose from an August 22, 1996 per se DUI charge against Miller. At the conclusion of the similar transaction pretrial hearing, the trial court granted the motion.

During Miller's bench trial on November 14, 2000, the state introduced the live testimony of Officer G. B. Jones, who arrested Miller for the 1996 DUI, and the plea proceeding record and sentence sheet from that charge. On appeal, Miller argues that the similar transaction should not have been admitted because it was prejudicial, irrelevant, and introduced improperly.

1. "A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion."[2] Since the state made the three affirmative showings required by *Williams v. State*[3] to introduce the similar transaction, we find that the trial court did not abuse its discretion.

The state must first show that it seeks to introduce the evidence for an appropriate purpose, such as illustrating appellant's identity,

---

[1] OCGA § 40-6-391 (a) (1).

[2] *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

[3] 261 Ga. 640 (409 SE2d 649) (1991).

intent, course of conduct, and bent of mind.[4] Here, the prosecution stated that by introducing Miller's prior DUI offense, it sought to show his bent of mind and course of conduct, which are appropriate purposes in a DUI case.[5]

Next, the state must affirmatively show that the accused committed the independent act.[6] Miller's argument that Officer Jones did not positively identify him as the perpetrator of the 1996 DUI and that the documentary evidence did not establish his identity is without merit. "Even where the defendant is not identified positively as the perpetrator of the independent crime, circumstantial proof may be used to establish his connection to it."[7] When Officer Jones was asked to identify the person who was driving the car he stopped in 1996, he replied, "It's been so long, I couldn't pick him out. But I believe it's the gentleman in the gray suit." In addition, "during the *Williams* hearing, [Miller] did not dispute that he was the perpetrator of the [prior] offense."[8] Accordingly, the evidence was sufficient to enable the trial judge to conclude that Miller committed the prior act.

The last affirmative showing the state must make is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.[9] In *Christian v. State*,[10] a prior per se DUI offense was admitted in a less safe DUI case. There, we held that "[e]vidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the perpetrator has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so."[11] Therefore, Miller's argument that the similar transaction should not have been admitted because it was irrelevant fails.

2. Miller next contends that his conviction should be reversed because the prosecution improperly introduced the sentence sheet and his blood alcohol content from the prior offense. This contention also fails.

While we agree that "the better method would be not to admit the sentence in a prior offense where a similar transaction is involved,"[12] we find that this error was harmless. Since this was a

---

[4] *Davis v. State*, 244 Ga. App. 708, 711 (3) (536 SE2d 596) (2000).

[5] See *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992).

[6] *Davis*, supra.

[7] (Citations and punctuation omitted.) *Druitt v. State*, 225 Ga. App. 150, 151 (1) (483 SE2d 117) (1997).

[8] Id.

[9] *Davis*, supra.

[10] 244 Ga. App. 713 (536 SE2d 600) (2000).

[11] Id. at 714 (2).

[12] (Citations and punctuation omitted.) *Weaver v. State*, 206 Ga. App. 560, 561 (3) (426 SE2d 41) (1992).

bench trial, there was no jury that would have been affected by the sentence. "[I]t is presumed that the judge, as the trier of fact, is able to distinguish between competent and incompetent evidence and consider only that evidence which is admissible."[13] Similarly, it is presumed that the trial judge is capable of weighing evidence without being swayed by its potentially inflammatory nature.[14] The admission of the sentence sheet does not warrant reversal on appeal because Miller cannot show both error and harm.[15]

Pretermitting whether the admission of evidence regarding Miller's blood alcohol content from the prior offense was erroneous, Miller has the burden to show error affirmatively by the record,[16] and he has not done so. The scant record includes Officer Jones' testimony, three exhibits, and the court's ruling. The exhibits do not contain Miller's blood alcohol content. Additionally, the state did not elicit Miller's blood alcohol content of 0.139 from the prior offense; Miller's counsel did. "A party cannot reap the benefit of any error caused or aided by his own trial tactics, procedure or conduct."[17] Finally, even when the prosecution asked Officer Jones whether Miller's breath test result in 1996 was greater than 0.094, Miller did not object. "A defendant must object to the alleged impropriety at the time it occurs in order to afford the trial court the opportunity to take remedial action."[18] Miller's failure to do so waives the error.[19]

3. Miller's final argument is that the similar transaction should not have been admitted for lack of proper foundation, because the prosecution did not introduce documentary evidence, such as the breath test slip and the officer's permit to operate the breath machine, and testimonial evidence that the machine was in proper working order. This specific information about Miller's blood alcohol content from the prior offense was "irrelevant to demonstrate any similarity or lack thereof with regard to the present offense for which appellant was prosecuted, DUI — less safe driver, wherein a specific blood alcohol content is unnecessary to prove the offense."[20] Further, the information was also inapposite because the prior offense was introduced solely to show Miller's bent of mind and course of conduct. Accordingly, this argument also lacks merit.

---

[13] (Citation and punctuation omitted.) *Corsini v. State*, 238 Ga. App. 383, 385 (2) (519 SE2d 39) (1999).

[14] *Evans v. State*, 233 Ga. App. 879, 881 (3) (506 SE2d 169) (1998).

[15] *Ellis v. State*, 235 Ga. App. 837, 838 (4) (510 SE2d 127) (1998).

[16] See *Marshall v. State*, 239 Ga. 101 (236 SE2d 58) (1977).

[17] (Citations and punctuation omitted.) *Roberson v. State*, 228 Ga. App. 416, 420 (3) (491 SE2d 864) (1997).

[18] (Citation omitted.) *Miller v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996).

[19] *Guild v. State*, 234 Ga. App. 862, 868 (5) (508 SE2d 231) (1998).

[20] *Druitt,* supra at 152 (1).

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JUNE 13, 2001 —

*McDonald & Cody, Douglas W. McDonald, Jr.*, for appellant.
*Gerald N. Blaney, Jr., Solicitor-General, Stephen A. Fern, Assistant Solicitor-General*, for appellee.