## A02A2374. ROBERTS v. THE STATE.
### (572 SE2d 744)

ELDRIDGE, Judge.

A Hall County jury found Roger Lee Roberts guilty of one count of child molestation for acts he committed against his minor niece. He appeals, challenging the sufficiency of the evidence against him and claiming error in the trial court's rulings with regard to his challenge to the traverse jury pool; his motion to excuse for cause juror no. 206; and his objection to permitting the jury to view for a second time a videotaped statement that Roberts had given to the police. Upon review, we find Roberts' contentions meritless and affirm.

1. Roberts was indicted for child molestation in that he touched the minor victim's vaginal area with his hand. He now challenges the sufficiency of the evidence supporting his conviction on the indicted offense.

> The standard of review for the sufficiency of evidence, in reviewing either a motion for a directed verdict or a motion for new trial, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We view the evidence in the light most favorable to the verdict, and defendants no longer enjoy the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia.*[1] Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[2]

Here, the victim testified that, when she was eight or nine years old, she was sick and sleeping in her mother's bed; Roberts was also lying in the bed. She testified that "I woke up because I felt him touch me." The victim further testified that Roberts put his hands inside her pajama shorts and touched her "private." When asked to mark on a frontal diagram of a girl's figure the area that Roberts touched, the victim circled the vaginal area. She testified that, when she tried to "scoot" away, Roberts moved toward her "and then he did it again." "The testimony of a single witness is generally sufficient to

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Citation and punctuation omitted.) *Williams v. State,* 253 Ga. App. 458-459 (1) (559 SE2d 516) (2002).

establish a fact,"[3] and the victim's testimony is sufficient to establish the elements of the offense as indicted. Further, the victim's testimony was apparently corroborated in part by Roberts' own videotaped statement to the police wherein he admitted to the improper touching, but claimed mistake, because he thought the nine-year-old victim was his wife.[4]

Roberts argues that "there is no evidence from the record that Appellant was ever conscious while [the victim] was being touched" because there was evidence that Roberts' eyes were closed; that he had been snoring; and that he had been drinking. However, "criminal intent is peculiarly a jury issue."[5] In that regard, evidence that Roberts "scooted" after the victim when she tried to move away and that he repeated his improper touching is sufficient for the jury to determine he was conscious of his actions, as is the fact that Roberts apparently remembered the touching and offered explanation for his "mistake" in his videotaped statement. Accordingly, the evidence was sufficient to support the verdict under the standard of *Jackson v. Virginia*.[6]

Roberts' additional claims are grounded in the inconsistencies between the victim's trial testimony and her out-of-court statements; thus, these claims go to witness credibility, which is solely within the province of the jury and plays no part in this Court's sufficiency of the evidence review.

2. Next, Roberts claims error in the trial court's denial of his challenge to the jury pool in Hall County from which traverse jurors are selected. Roberts' challenge was premised totally on a prior challenge made in another, unrelated case, *State v. Brandon Smith*, 00-CR-726B, wherein a different trial judge determined that members of the Hispanic population in Hall County were underrepresented in the jury pool. In this case, however, Roberts put up no evidence in support of his challenge, and he served it upon the State on the morning of trial. As the trial court stated when finding that evidence would be required to establish an imbalance, "We've had some four or five months since the last of that evidence [in the *Smith* case] was offered." Further, the racial imbalance determination in *State v. Smith* is currently under review in the Supreme Court of Georgia, Case No. S02A0595, and thus is not final as to its merits. Under these circumstances, where the challenge to the jury pool is untimely

---

[3] OCGA § 24-4-8.

[4] Roberts' videotaped statement was not sent up with the record on appellate review; however, a summary of Roberts' statements regarding his touching of the victim is made without objection in the State's closing argument.

[5] *Albarran v. State*, 249 Ga. App. 331, 332 (2) (548 SE2d 440) (2001).

[6] Supra.

made, no evidence is put before the trial court or this Court in support thereof, and a prior, unrelated finding of racial imbalance in the traverse jury pool is subject to possible reversal on the merits, we find that the trial court did not err in concluding that Roberts had failed to make a prima facie case of discrimination in the composition of the jury pool from which traverse juries were drawn.[7]

3. Roberts also claims error in the trial court's refusal to excuse for cause juror no. 206. We have carefully reviewed the juror's lengthy voir dire testimony and find that, while concern about impartiality was initially expressed because of her past experience as a victim of child molestation, the juror clearly stated that she could put her "personal feelings completely aside and just listen to whatever the evidence turns out to be in the case"; that she had made no decision with regard to Roberts' guilt or innocence; that she would "have to hear everything" before making a decision; that she "absolutely" would follow the court's instructions as to her role as a juror; and that she would decide the case based upon the evidence presented in the courtroom by the witnesses, i.e., "only what I heard." "The decision as to whether or not to discharge the prospective juror is within the discretion of the court."[8] We conclude that the trial court did not abuse its discretion by finding that juror no. 206 was qualified to serve.

Roberts' argument under this enumeration of error contains an additional claim that the trial court erred by failing to make specific findings of fact as to his ruling on the motion to strike for cause. However, Roberts has failed to show — or even claim — that juror no. 206 had a "compelling bias or interest in the *outcome* of the case";[9] thus, additional findings of fact were unnecessary, and "the trial court was entitled to rely on the jurors' responses in determining their qualifications to serve."[10]

4. During deliberations, the jury sent the trial court a note, requesting inter alia to view Roberts' videotaped statement to the police. The trial court granted the request. The jury was brought into the courtroom with all parties present and viewed the videotape one time before retiring for further deliberations. Roberts now claims, as he did at trial, that granting the jury's request and permitting them to view Roberts' videotaped statement "unduly emphasized his statement and in addition would be violative of the continuing witness rule." We disagree.

---

[7] *Gissendaner v. State*, 272 Ga. 704, 710 (5) (532 SE2d 677) (2000).

[8] *Perry v. State*, 264 Ga. 524-525 (2) (448 SE2d 444) (1994); *Wells v. State*, 261 Ga. 282 (404 SE2d 106) (1991).

[9] (Citation and punctuation omitted; emphasis supplied.) *Mosely v. State*, 269 Ga. 17, 20 (2) (495 SE2d 9) (1998).

[10] Id.

"It has been recognized for more than a hundred years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations."[11] Roberts has not met his burden to show an abuse of discretion in the trial court's permitting the jury, at their own instigation, to view the videotape.[12]

Roberts' reliance on "continuing witness" cases is misplaced. Roberts' videotaped statement was reviewed by the jury once in a controlled environment, the courtroom, with all parties and the trial judge present; this presents a completely opposite situation from that creating a "continuing witness" issue involving certain types of testimonial evidence sent uncontrolled to the jury room to be read by the jury again and again.[13]

We also find unpersuasive Roberts' additional contention under this enumeration of error that the trial court erred by failing to give a limiting instruction prior to the jury's viewing of the videotaped statement. From our review of the record, Roberts left it in the trial court's discretion to follow its own procedure before permitting a jury to review evidence:

> [Defense counsel:] I don't know what the Court's procedure or policy is but, if you give the jury any kind of instruction about not placing undue influence over this piece of evidence versus other pieces of evidence — I don't know if you give an instruction or if you just play the tape.
> [Trial court:] I'll just play the tape.

No objection or comment was made with regard to the trial court's determination. "A litigant cannot submit to or acquiesce in a ruling of the trial court and then complain on appeal."[14]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 21, 2002.

*Elizabeth B. Reisman*, for appellant.
*Lydia J. Sartain, District Attorney, Melissa J. Sanford, Jason J. Deal, Assistant District Attorneys*, for appellee.

---

[11] (Citations and punctuation omitted.) *Williams v. State*, 208 Ga. App. 460, 461 (431 SE2d 130) (1993).

[12] *Coleman v. State*, 194 Ga. App. 404 (391 SE2d 15) (1990).

[13] See, e.g., *Tibbs v. Tibbs*, 257 Ga. 370-371 (359 SE2d 674) (1987).

[14] *Yonce v. State*, 253 Ga. App. 748, 749 (3) (560 SE2d 329) (2002).