A04A0239. DUPREE v. THE STATE.

(600 SE2d 654)

ADAMS, Judge.

A Walker County jury found Steven Greg Dupree guilty of three counts of aggravated assault upon a peace officer and five misdemeanor traffic offenses. On appeal, Dupree claims that the state failed to prove criminal intent beyond a reasonable doubt for each count in the indictment. Dupree also contends that the trial court erred by admitting into evidence an incomplete copy of an audiotape and a photograph that was not provided to Dupree until the morning of the trial. Dupree further claims that the jury's felony verdicts were vague, ambiguous, and void, and that the trial court erred in failing to correct the ambiguity. We affirm for the reasons set forth below.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations and footnotes omitted.) *Gray v. State,* 260 Ga. App. 197 (581 SE2d 279) (2003). So viewed, the evidence shows that Dupree's girlfriend, Virginia Miller, asked for assistance from the Chattooga County Sheriff's Office in removing her clothes from a mobile home she shared with Dupree. Shortly after Officer Brandon, Officer Hill, and Miller arrived at the mobile home, Dupree sped by several times in his pickup truck. Dupree eventually pulled into the driveway and emerged from the truck in a state of rage. He removed the padlock from the trailer and hurled it in the direction of the officers, then went

inside, grabbed two bags of clothing, and threw the bags out the door, hitting an officer on the arm.

Dupree then got back into his truck and backed out of the driveway, shifting gears so as to cause gravel to be thrown on the officers and their vehicles. The officers decided to pursue after Dupree pulled onto the highway without looking for oncoming traffic, forcing an approaching vehicle into an emergency stop in order to avoid a collision.

The officers were forced to maintain speeds of 130 mph simply to keep Dupree's vehicle in sight. During the initial pursuit, Dupree ran a stop sign and slammed on his brakes in an apparent attempt to force the lead chase car into the back of his truck. When the officers tried to form a rolling roadblock by boxing Dupree's truck in between the patrol cars, Dupree countered by trying to run the lead patrol vehicle, which was driven by Hill, off the road.

The Chattooga County officers handed primary responsibility for the pursuit to the Georgia State Patrol after following Dupree into Walker County, and Officer Daniel Pollock became Dupree's lead pursuer. While Pollock was in pursuit, Dupree drove through a roadblock set up by the Lafayette Police Department, causing the officers to jump out of the way to avoid being hit. Law enforcement officers then attempted another rolling roadblock, with Pollock's vehicle located to the right of Dupree's truck, but Dupree tried to ram Pollock's vehicle and force it off the road. The pursuing officers backed off the chase, during which time Dupree ran off the road, sideswiping a tree and flattening his right front tire before getting back on the highway.

Dupree continued into Tennessee where Tennessee law enforcement officers joined the chase. Dupree turned into a dead end subdivision street in Chattanooga, turned around, and struck Pollock's vehicle on the way out. Dupree then ran through a road block set up by Tennessee law enforcement officers by pushing their vehicles out of the way, and he continued, suffering another flat tire, and only stopped after his truck's tire rims failed to gain traction on the highway.

1. Dupree claims the state failed to prove the element of criminal intent with respect to the aggravated assault charges. We disagree. Aggravated assault, which contains the elements of simple assault, requires an intent to injure. *Watkins v. State*, 254 Ga. 267, 269 (1) (328 SE2d 537) (1985). Dupree argues that evidence of his lack of intent to injure included the testimony of Samuel Perri, a court appointed psychologist who had "a question about [Dupree's] criminal responsibility" based on Perri's pre-trial interview with Dupree. In the interview, Dupree reported that he had suffered a head trauma

several years earlier that resulted in a coma; that he suffered from a seizure disorder; and that he did not remember the events that led to his arrest.

Miller testified that she had seen Dupree experience four or five seizures. She recounted one seizure that occurred while Dupree was driving and testified that during his seizures Dupree is "like a zombie." According to Miller, Dupree's seizures tended to occur when he was not taking his medicine and that at the time of the incident Dupree had not had a supply of medicine for five days. Dupree testified that he blanked out on the date of the incident and could not recall the period of time from leaving his trailer to when he woke up surrounded by police officers.

We conclude that, notwithstanding the evidence that Dupree may have experienced a seizure during the chase, the jury was authorized to conclude that Dupree possessed the criminal intent sufficient to support his convictions for aggravated assault upon a peace officer. The trier of fact may find criminal intent "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. "Criminal intent is peculiarly a jury issue." (Punctuation and footnote omitted.) *Roberts v. State*, 258 Ga. App. 107, 108 (1) (572 SE2d 744) (2002). Factors from which a jury could infer criminal intent include Dupree's continued expression of hostility toward the officers during the chase. Officer Brandon testified that Dupree "had his arm hooked out the window and when we would get close to him, he would give us the finger." Officer Samuel Parker testified that "he was looking at us and making obscene gestures at us" and that "I couldn't believe the aggression." Evidence also showed that Dupree was able to elude several rolling roadblocks by attempting to run officers' vehicles off the road, maneuvered his vehicle through stationary roadblocks, and maintained control of his vehicle at high rates of speed over an extended period of time. This evidence is both inconsistent with Miller's accounts of Dupree as being in a "zombie-like" state during his seizures and consistent with an intent to harm law enforcement officers. The jury was authorized to find Dupree acted with criminal intent.

2. Dupree contends the trial court erred by admitting an audio recording into evidence. Dupree claims that no foundation was established under the business records exception to the hearsay rule and that the audio recording was an incomplete reproduction of the original recording.

But Dupree has failed to include in the record the audiotape used at trial or a transcript of the tape. This failure was identified in the State's brief, yet Dupree has still not caused the items to be submitted. Nor has Dupree explained in his brief what harm allegedly

resulted from admission of the audio recording or from failure to admit a complete recording. "It is axiomatic that harm as well as error must be shown to authorize a reversal by this court." (Punctuation and footnote omitted.) *Albarran v. State*, 249 Ga. App. 331, 334 (4) (548 SE2d 440) (2001). Accordingly, we find no grounds for reversal based on this enumeration.

3. Dupree claims the trial court erred in admitting State's Exhibit One, a photograph that was not shown to the defense until the morning of trial. Dupree contends that OCGA § 17-16-4 (a) (3) requires the prosecuting attorney to make any photographs in the prosecuting attorney's custody available for inspection and copying no later than ten days prior to trial, and that Dupree could not have seen the photograph before trial because the photograph had been in the possession of a law enforcement witness and not the prosecuting attorney. Again, Dupree has not offered any explanation of the possible harm even if admission of the photograph was error, and therefore there are no grounds to reverse. See *Christian v. State*, 244 Ga. App. 713 (536 SE2d 600) (2000) (although State did not provide certain evidence as required and defense counsel saw this evidence for the first time on the day of trial, there was no error in denying motion for continuance because defendant could not show harm).

4. Dupree claims the jury verdicts in Counts 2, 3, and 5 are vague, ambiguous, and void resulting from the jury's failure to follow the instructions of the trial court, and the trial court's failure to correct the ambiguity.[1] Dupree contends that the trial court asked the jury to specify whether they found aggravated assault or aggravated assault upon a peace officer, but the jury did not do so. Instead, the jury returned a verdict of guilty as to Counts 2, 3, and 5 without embellishment.

"[V]erdicts are to have a reasonable intendment, are to receive a reasonable construction, and are not to be avoided unless from necessity. We must construe verdicts in the light of the pleadings, the issues made by the evidence, and the charge of the court." (Citation and punctuation omitted.) *Stevenson v. State*, 234 Ga. App. 103, 107 (4) (506 SE2d 226) (1998). The evidence shows that Dupree attempted to run law enforcement patrol cars off the road, which is consistent with a verdict of aggravated assault upon a peace officer. As to the pleadings, the applicable counts of the indictment charged that Dupree "did unlawfully make an assault on [name of officer], a peace officer engaged in the performance of his official duties, with a certain automobile, a deadly weapon in the way and manner used, by driving

---

[1] Although Dupree actually refers to Counts 2, 3, and 7 in his appellate brief, the jury found Dupree not guilty on Count 7, but guilty on Count 5.

at [name of officer's] patrol car with said automobile." The wording of the indictment is sufficient to charge aggravated assault upon a peace officer. See generally *Tucker v. State*, 245 Ga. App. 551, 553 (538 SE2d 458) (2000); *Stevenson*, 234 Ga. App. at 106 (3) (b).

As the evidence and the indictment support finding the guilty verdicts on Counts 2, 3, and 5 as being for aggravated assault upon a peace officer, the remaining issue is how the trial court's charge to the jury might affect interpretation of the verdict. Aggravated assault upon a peace officer is a separate and distinct crime from aggravated assault. See *Bundren v. State*, 247 Ga. 180, 181 (2) (274 SE2d 455) (1981); OCGA § 16-5-21 (c). For the former, the defendant must know that the victim is a peace officer and the jury must be charged on this element. Id. In this case, the trial court charged the jury:

> So there is a distinction now in this case between aggravated assault and aggravated assault on a police officer, so I'm going to ask you in your verdict, please show if, in fact, you find the defendant guilty of aggravated assault, show whether or not he knew that it was a police officer. Of course, on the other hand, you may find him not guilty of those counts, but what I'm saying is, I want you to distinguish that fact, whether, if in fact, you find that he's guilty of any of the first seven counts, of whether he knew it was a police officer.

The jury asked to have the law pertaining to aggravated assault read to them again, and the judge instructed the jury and added that "I asked you to find if, in fact, you found that there was aggravated assault, that [sic] if it was against a police officer in the line of duty, remember that." The trial court then explained "if, in fact, you find that there was an aggravated assault, I'm asking you to show whether or not the defendant knew that it was as to a peace officer in the line of duty." After additional deliberations, the jury asked for instructions in writing, and the trial court declined to provide written instructions, but recharged the jury by reading aloud the statutory definitions of aggravated assault, OCGA § 16-5-21 (a), and aggravated assault upon a peace officer, OCGA § 16-5-21 (c), and then stated: "That's all that you are concerned with as to the statute. But I did ask you to designate, if in fact, you found aggravated assault, I asked you to designate whether or not it was against a peace officer."

Despite the trial court's repeated instructions, the jury remained silent in its verdict other than to indicate "guilty" or "not guilty" as to the counts charged. Setting aside the question of whether the trial court's request for a special verdict was appropriate, the issue is whether the jury's silence in the face of the trial court's charge reasonably affects the meaning of their verdict. Dupree contends it

would be wrong to insist that the jury intended to convict him of aggravated assault upon a peace officer as opposed to aggravated assault. After carefully reviewing the trial court's requests and considering that there was no charge as to aggravated assault as a lesser included offense, we conclude that although the jury's silence is inconsistent with the trial court's request, it does not indicate that the jury intended to convict Dupree of a lesser offense than charged in the indictment. More importantly, a "general verdict of guilty is by intendment of the law a verdict that the defendant is guilty of the highest offense charged in the indictment. [Cit.]" *Bissell v. State*, 153 Ga. App. 564, 566 (2) (266 SE2d 238) (1980). In *Bissell*, we applied to criminal cases the rule that "any irregularity in the form of a verdict is waived in the absence of objection at the time of its rendition because any formal error can be corrected before the jury is discharged." Id. Given these principles, Dupree was on notice that the verdict as delivered convicted him of the offense charged, namely, aggravated assault upon a peace officer, and it was incumbent on him to object at the time of the verdict as to the jury's failure to render the verdict in the form requested by the trial court. Given the evidence, the form of the indictment, and Dupree's failure to object to the form of the verdict, we conclude that Dupree was convicted of aggravated assault upon a peace officer by the jury's findings of guilt on Counts 2, 3, and 5.

*Judgment affirmed. Eldridge, J., concurs. Ruffin, P. J., concurs and concurs specially.*

RUFFIN, Presiding Judge, concurring and concurring specially.

Although I am concerned that the jury did not completely adhere to the trial court's instructions regarding the verdict form for the aggravated assault charges, I fully concur in the majority's opinion. As the majority notes, Dupree failed to object to the form of the verdict at the time it was rendered. In fact, defense counsel specifically stated that he did not question the verdict's form. Such failure to object "waives any complaint that the verdict was inconsistent, confusing, or otherwise irregular."[2]

Furthermore, "[a] general verdict of guilty is by intendment of the law a verdict that the defendant is guilty of the highest offense charged in the indictment."[3] The jury in this case returned a general verdict of guilt as to Counts 2, 3, and 5, which charged that Dupree committed aggravated assault by assaulting "a peace officer engaged in the performance of his official duties, with a certain automobile, a deadly weapon in the way and manner used." I agree with the

---

[2] *Ellison v. State*, 265 Ga. App. 446, 449 (3) (594 SE2d 675) (2004).

[3] *Bissell v. State*, 153 Ga. App. 564, 566 (2) (266 SE2d 238) (1980).

majority that the highest offense charged in these counts is aggravated assault upon a peace officer.[4] And the trial court instructed the jurors that if they found Dupree "guilty as charged, then the form of your verdict should be we, the jury, find the defendant guilty." Accordingly, the jury's verdict of guilt as to these counts authorized his convictions under OCGA § 16-5-21 (c).

DECIDED MAY 24, 2004.

*Robert L. Stultz*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.

---

[4] See OCGA § 16-5-21 (c) ("A person who knowingly commits the offense of aggravated assault upon a peace officer while the peace officer is engaged in, or on account of the performance of, his or her official duties shall, upon conviction thereof, be punished by imprisonment for not less than five nor more than 20 years.").